# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br>       *Plaintiff*,<br>and<br>UNITED STATES OF AMERICA,<br>       *Plaintiff-Intervenor*,<br>v.<br>STATE OF ILLINOIS; JB PRITZKER, in his official capacity as Governor of the State of Illinois; JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and ALEXI GIANNOULIAS, in his official capacity as Secretary of State of the State of Illinois,<br>       *Defendants*. | Case No. 1:25-cv-00669<br>Judge Coleman |

## COMPLAINT IN INTERVENTION OF THE UNITED STATES OF AMERICA

### INTRODUCTION

Upon passage of Senate Bill 2930 ("SB 2930"), a law that pressures nonprofits to consider candidates' race when selecting officers and directors, Illinois State Representative Edgar Gonzalez, Jr., stated: "When we can see the data that is shared because of SB 2930, *elected officials and community organizations can be better partners to those nonprofit organizations* that want to *prioritize the recruitment of* talented individuals from our state's

*diverse communities*."[1] This encouragement by the State of Illinois for nonprofits to discriminate on the basis of race when selecting directors and officers is forbidden by the Equal Protection Clause of the Fourteenth Amendment, and there is no diversity exception to this. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023) (citation and internal quotation marks omitted) ("Eliminating racial discrimination means eliminating all of it. And the Equal Protection Clause, we have accordingly held, applies without regard to any differences of race, of color, or of nationality—it is universal in [its] application.").

SB 2930 violates the Equal Protection Clause by forcing charitable organizations to gather and post demographic information, including race, for their directors and officers on the organizations' publicly available websites. *See* 805 Ill. Comp. Stat. § 105/114.15. This is a case of immense public importance precisely because "[e]liminating racial discrimination means eliminating all of it." *Students for Fair Admissions*, 600 U.S. at 206. SB 2930 does the opposite, and the Court should enjoin its enforcement. The United States of America ("United States") files this Complaint in Intervention to protect its citizens and ensure that the Constitution's guarantee of equal protection is enforced.

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

2. The United States is authorized to intervene in this action pursuant to 42 U.S.C. § 2000h-2. The Attorney General of the United States has certified this case is of public importance. U.S. Mot. to Intervene, Ex. 1.

---

[1] *Governor JB Pritzker Approves Nation-Leading Policy Regarding Diversity of Nonprofit Boards*, Equality Illinois (July 1, 2024), https://perma.cc/AJ47-NRGX (emphases added).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). Each of the current Defendants has an office in the Northern District, and the State of Illinois "'resides' in every district within its borders." *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018) (citations omitted). Additionally, nonprofits must send the forms required by SB 2930 to this District.

4. This Court has the authority to enter a declaratory judgment and to provide injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff-Intervenor is the United States.

6. Defendant State of Illinois ("Illinois") is one of the fifty states of the United States.

7. Defendant JB Pritzker ("Pritzker") is the Governor of Illinois. As Governor, Pritzker has "the supreme executive power" in Illinois and is "responsible for the faithful execution of the laws." Ill. Const., art. V, § 8. Pritzker is sued in his official capacity.

8. Defendant Kwame Raoul ("Raoul") is the Attorney General of Illinois. As Attorney General, Raoul is responsible for enforcing SB 2930, *see* 15 Ill. Comp. Stat. § 205/4, and overseeing the registration of charitable organizations subject to SB 2930, *see* 225 Ill. Comp. Stat. § 460/2. Raoul is sued in his official capacity.

9. Defendant Alexi Giannoulias ("Giannoulias") is the Secretary of State of Illinois. As Secretary of State, Giannoulias is responsible for administering SB 2930, *see* 805 Ill. Comp. Stat. § 105/101.05, and promulgating rules and regulations to enforce SB 2930, *see* 805 Ill. Comp. Stat. § 105/101.55(b). Giannoulias is sued in his official capacity.

10. Defendant James Bennett ("Bennett") is the Director of the Illinois Department of Human Rights. As Director, Bennett is responsible for "discharg[ing] the duties" of the Illinois Department of Human Rights, *see* 20 Ill. Comp. Stat. § 5/5-20, which is required to "work with community partners to prepare and publish a standardized list of demographic classifications" for reporting the demographic information required by SB 2930, *see* 805 Ill. Comp. Stat. § 105/114.15(b). Bennett is sued in his official capacity.

### FACTS

11. On January 1, 2025, Illinois became the first state in the nation to *require* nonprofits to maintain "aggregated demographic information of the corporation's directors and officers, including race, ethnicity, gender, disability status, veteran status, sexual orientation, and gender identity" on their "publicly available website for at least 3 years after it is posted." *See* 805 Ill. Comp. Stat. § 105/114.15(a).

12. This requires nonprofits to ask each of its directors and officers for their demographic information to include sexual orientation and race. A director or official may decline to disclose the information, but a nonprofit *must* request it. *Id*.

13. SB 2930's primary aim is "for diversity and inclusion to be embraced within the non-profit sector."[2]

14. Governor Pritzker doubled down on this goal when signing SB 2930, stating that the reporting and posting requirement is "to encourage nonprofits to reflect the diversity of the communities they support."[3]

---

[2] *See Johnson Law Highlights Diversity and Inclusion of Nonprofits*, Sen. Adriane Johnson (July 1, 2024), https://perma.cc/V5QJ-ARY3.

[3] *Gov. Pritzker Signs LGBTQ+ Affirming Bills in Honor of Pride Month*, Gov. JB Pritzker (June 30, 2024), https://perma.cc/6SFJ-XVVZ.

15. SB 2930 seeks to accomplish its diversity and inclusion aims by requiring nonprofits to publicly display demographic data, including race, for its directors and officers.

16. This requirement pressures nonprofits to avoid "public shaming" by considering demographic information and selecting directors and officers on the basis of race rather than merit and the factors relevant to the goals and purposes of the nonprofits. *See Meland v. Weber*, 2 F.4th 838, 847 & n.4 (9th Cir. 2021) ("SB 826 pressures shareholders in other ways as well. Meland alleges that SB 826 also enforces its requirements through 'public shaming' by requiring the California Secretary of State *to publish lists of compliant and noncompliant corporations*.") (emphasis added and citation omitted).

## CLAIM FOR RELIEF – EQUAL PROTECTION CLAUSE

17. The United States respectfully incorporates the allegations set forth in all prior paragraphs of this Complaint in Intervention.

18. The Equal Protection Clause of the Fourteenth Amendment prohibits Illinois from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

19. "[T]he 'core purpose' of the Equal Protection Clause [is] 'do[ing] away with all governmentally imposed discrimination based on race'" and "'[o]ne of the principal reasons race is treated as a forbidden classification is that it demeans the dignity and worth of a person to be judged by ancestry instead of by his or her own merit and essential qualities.'" *Students for Fair Admissions*, 600 U.S. at 206, 220 (citations omitted).

20. And Illinois "may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish." *Norwood v. Harrison*, 413 U.S. 455, 465 (1973) (citation and internal quotation marks omitted).

5

21. By requiring nonprofits to publicize demographic data on its directors and officers, SB 2930 encourages nonprofits to discriminate based on race to select its directors and officers. In fact, proponents of the Bill emphasized that SB 2930 allows "elected officials" to be *better* partners to those nonprofits who select their directors or officers on the basis of race.[4]

22. Furthermore, to avoid public shaming, SB 2930 is likely to cause nonprofits to give candidates for directors and officers preferential treatment based on their race.

23. SB 2930 must survive strict scrutiny because it encourages nonprofits who discriminate on the basis of race and promotes the ones that follow Illinois' edict. *See Students for Fair Admissions*, 600 U.S. at 206 (citation omitted) ("[E]xception[s] to the Constitution's demand for equal protection must survive a daunting two-step examination known in our cases as 'strict scrutiny.'").

24. To pass strict scrutiny, Illinois first must show that SB 2930 "is used to 'further compelling governmental interests.'" *Id.* at 206-07 (citation omitted). Such interests identified by the Supreme Court include "remediating specific, identified instances of past discrimination that violated the Constitution or a statute" and "avoiding imminent and serious risks to human safety in prisons . . . ." *Id.* at 207.

25. Illinois cannot demonstrate either of these interests. Rather, statements by SB 2930's main sponsor and by Governor Pritzker show that Illinois intends for SB 2930 to encourage diversity, an interest that is not compelling.

26. SB 2930 also fails the second strict scrutiny step, which would require Illinois to show its use of race is "'narrowly tailored'—meaning 'necessary'—to achieve its interest." *Id.*

---

[4] *Governor JB Pritzker Approves Nation-Leading Policy Regarding Diversity of Nonprofit Boards*, *supra* note 1.

6

(citation omitted). Illinois cannot establish that requiring nonprofits to publicize the demographics of their directors and officers is necessary to encourage diversity.

27. SB 2930 cannot pass strict scrutiny, and its use of race violates the Equal Protection Clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests this Court:

A. Declare that SB 2930 discriminates on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment.

B. Enjoin Illinois from implementing or enforcing SB 2930.

C. Award any applicable costs and fees.

D. Award such other additional relief as justice may require.

Dated: March 4, 2025

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

ABHISHEK S. KAMBLI
Deputy Associate Attorney General

MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division

By: /s/ Hilary F. Pinion
HILARY F. PINION
Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2151
Email: Hilary.Pinion@usdoj.gov

7