**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>        *Plaintiff*,<br><br>v.<br><br>JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and ALEXI GIANNOULIAS, in his official capacity as Secretary of State of the State of Illinois,<br><br>        *Defendants*. | Case No. 1:25-cv-00669<br><br>Judge Coleman |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE**

**INTRODUCTION**

  On January 1, 2025, the State of Illinois ("Illinois") became the first in the nation to require qualifying nonprofits to publicly disclose demographic information, including race, of their directors and officers. *See* 805 Ill. Comp. Stat. § 105/114.15. The intent was to encourage discrimination on the basis of race under the guise of making nonprofit boards more "diverse" and to reward nonprofits that follow the State's edict. SB 2930's proponent, Illinois State Representative Edgar Gonzalez, Jr., even went as far as saying, "When we can see the data that is shared because of SB 2930, *elected officials and community organizations can be better partners to those nonprofit organizations* that want to *prioritize the recruitment of* talented individuals

from our state's *diverse communities*."[1] SB 2930's requirement is not only wrong but also violates the Equal Protection Clause of the Fourteenth Amendment. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 600 U.S. 181, 206, 220 (2023) (citations omitted) ("[T]he 'core purpose' of the Equal Protection Clause [is] 'do[ing] away with all governmentally imposed discrimination based on race'" and "'[o]ne of the principal reasons race is treated as a forbidden classification is that it demeans the dignity and worth of a person to be judged by ancestry instead of by his or her own merit and essential qualities.'").

Fortunately, the United States is not required to sit idly while its citizens are denied equal protection by a state. The United States has a statutory right to intervene in this case under Federal Rule of Civil Procedure ("Rule") 24(a)(1) and Section 902 of the Civil Rights Act of 1964, as amended. Section 902 grants the United States an unconditional right to intervene in cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment on account of race if the Attorney General certifies, as done in this case, that the case is one of general public importance. 42 U.S.C. § 2000h-2; *see* U.S. Mot. to Intervene, Ex. 1 (Certificate of the Attorney General certifying this case is of public importance). The Court must grant the United States' motion to intervene. *See* Fed. R. Civ. P. 24(a)(1). In the alternative, the United States meets the standard for permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B).

**BACKGROUND**

SB 2930 requires qualifying nonprofits to maintain "aggregated demographic information of the corporation's directors and officers, including race, ethnicity, gender, disability status, veteran status, sexual orientation, and gender identity" on their "publicly available website for at

---

[1] *Governor JB Pritzker Approves Nation-Leading Policy Regarding Diversity of Nonprofit Boards*, Equality Illinois (July 1, 2024), https://perma.cc/AJ47-NRGX (emphases added).

least 3 years after it is posted." *See* 805 Ill. Comp. Stat. § 105/114.15(a). Compliance with this mandate requires nonprofits to ask each of its directors and officers for their demographic information, including race. A director or official may decline to disclose the information, but a nonprofit *must* request the data and *must* post any data reported to it.

On January 21, 2025, Plaintiff American Alliance for Equal Rights ("AAER") filed this lawsuit challenging the enactment of SB 2930. Plaintiff is a nationwide membership organization dedicated to ending racial and other unlawful preferences nationwide. Plaintiff asserts that SB 2930 encourages charitable organizations, including at least two of its members, to discriminate based on race in violation of the Equal Protection Clause of the Fourteenth Amendment and compels speech in violation of the Free Speech Clause of the First Amendment.

The United States' Complaint in Intervention challenges SB 2930 on grounds that it discriminates on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment.

**THE UNITED STATES HAS A RIGHT TO INTERVENE UNDER RULE 24(A)(1)**

The United States' motion to intervene should be granted under Rule 24(a)(1) because the United States satisfies the requirements for intervention as of right. Under Rule 24(a)(1), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."

Here, the United States has an unconditional statutory right to intervene under Section 902 of the Civil Rights Act of 1964, as amended. Section 902 provides:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case

>is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2.

Numerous courts, including the Supreme Court, have recognized that this statute entitles the United States to intervene in equal protection cases. *See, e.g.*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009) (acknowledging Section 902 allows the Attorney General to intervene in private equal protection suits); *Air Lines Steward & Stewardesses Ass'n, Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 103 n.2 (7th Cir. 1972) (the Attorney General can intervene as of right in equal protection suits). Further, when intervening under Section 902, the United States may add new defendants. *See Coffey v. State Educ. Fin. Comm'n*, 296 F. Supp. 1389, 1390 (S.D. Miss. 1969) (Section 902 intervention allowing the United States to seek independent relief against the State of Mississippi). Here, the United States alleges SB 2930 discriminates on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. As required by Section 902, the Attorney General has certified this case is of public importance. U.S. Mot. to Intervene, Ex. 1.

The United States' motion is also timely. "In determining whether a motion to intervene is timely filed, the court must consider the age of the lawsuit and the potential delay and prejudicial effect intervention may cause to the 'adjudication of the rights of the original parties.'" *EEOC v. Taylor Elec. Co.*, 155 F.R.D. 180, 182 (N.D. Ill. 1994) (quoting *United States v. Mid–State Disposal, Inc.*, 131 F.R.D. 573, 576 (W.D.Wis.1990)). AAER commenced this action merely five weeks ago, on January 21, 2025. The original Defendants have not yet filed their answer, for which they received an extension to file by March 14, 2025. Dkt. 10. Under these circumstances, no delay or prejudice would result from the United States' participation. Thus, the United States has met the requirements for intervention as of right under Rule 24(a)(1).

4

**THE UNITED STATES MEETS THE STANDARD FOR PERMISSIVE INTERVENTION**

In the alternative, the Court should permit the United States to intervene in this litigation because the requirements for permissive intervention under Rule 24(b)(1)(B) are met here. First, the United States' putative claims share "common question[s] of law and fact" with the existing Plaintiff's claims. *See* Fed. R. Civ. P. 24(b)(1)(B). Both the Plaintiff and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment and challenge SB 2930's requirements that nonprofits gather and publicize demographic information on their directors and officers. Second, because the United States' motion is timely, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at (b)(3).

**CONCLUSION**

For the foregoing reasons, the Court should grant the United States' motion to intervene.

Dated: March 4, 2025

                Respectfully submitted,

                CHAD MIZELLE
                Acting Associate Attorney General

                ABHISHEK S. KAMBLI
                Deputy Associate Attorney General

                MAC WARNER
                Deputy Assistant Attorney General
                Civil Rights Division

By: /s/ Hilary F. Pinion
     HILARY F. PINION
     Attorney
     U.S. Department of Justice
     Civil Rights Division
     950 Pennsylvania Avenue, N.W.
     Washington, D.C. 20530
     Telephone: (202) 514-2151
     Email: Hilary.Pinion@usdoj.gov