IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, *Plaintiff*, and UNITED STATES OF AMERICA, *Plaintiff-Intervenor*, v. STATE OF ILLINOIS; JB PRITZKER, in his official capacity as Governor of the State of Illinois; JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and ALEXI GIANNOULIAS, in his official capacity as Secretary of State of the State of Illinois, *Defendants*. | Case No. 1:25-cv-00669 Judge Coleman |

**JOINT STATUS REPORT**

1. **Nature of the Case**

    A. **Identify the attorneys of record for each party, including the lead trial attorney.**

For Plaintiffs:
Cameron T. Norris (lead counsel)
Matthew Pociask (local counsel)
Thomas R. McCarthy
Mari Sayer
R. Gabriel Anderson

For Plaintiff-Intervenor:
Hilary F. Pinion (lead counsel)
Louis Whitsett

For Defendants:
Karyn L. Bass Ehler (lead counsel)

1

Elizabeth H. Jordan
Holly F.B. Berlin

### B. Identify any parties that have not yet been served.

The United States will serve the State of Illinois and Governor JB Pritzker, who it added as new Defendants.

### C. State the basis for federal jurisdiction.

Plaintiff asserts that this Court has subject-matter jurisdiction under 28 U.S.C. §1331. The United States asserts that this Court has subject-matter jurisdiction under 28 U.S.C. §§1331 and 1345.

### D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

Recently, Illinois passed 805 Ill. Comp. Stat. §105/114.15, which requires qualifying nonprofits to report certain "[d]emographic information" about their boards. *Id*. After Illinois enacted §105/114.15, the American Alliance for Equal Rights sued on behalf of two anonymous organizations it claims as members, arguing that the law is unconstitutional for two reasons. First, the Alliance claims that §105/114.15 violates the Fourteenth Amendment because, according to the Alliance, the law pressures nonprofits to discriminate when choosing board members. Alliance-Compl. (Doc.1) ¶¶3-4, 32-39. And second, the Alliance claims that §105/114.15 violates the First Amendment because, according to the Alliance, the law forces nonprofits to speak about issues like race, ethnicity, sexual orientation, and gender identity. Alliance-Compl. ¶¶2, 41-48. Defendants add that the Alliance has challenged the entire statute, and for completeness, clarify that the statute includes a wide range of voluntarily self-reported demographic information to be aggregated by the organizations, including gender, veteran status, and disability status. 805 ILCS 105/114.15.

After the Alliance sued, the United States filed a motion to intervene on March 4, 2025. In its complaint in intervention, the United States claims that §105/114.15 violates the Fourteenth Amendment because it "encourages nonprofits to discriminate based on race." U.S.-Compl. (Doc.17-2) ¶¶21-27.

Defendants have not brought any counterclaims.

### E. State the major legal and factual issues in the case.

Plaintiff raises two legal issues in its complaint: whether §105/114.15 violates the First and Fourteenth Amendments. Defendants will raise legal issues related to standing and injuries, which Defendants claim will both in turn raise factual issues.

### F. Describe the relief sought.

The Alliance seeks the following relief:
- a declaratory judgment that §105/114.15 violates the First and Fourteenth Amendments;
- a preliminary and permanent injunction prohibiting Defendants from implementing or enforcing 805 Ill. Comp. Stat. §105/114.15;
- any applicable costs and fees; and
- such other additional relief as justice may require

The United States seeks the following relief:
- a declaratory judgment that 805 Ill. Comp. Stat. §105/114.15 discriminates on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment;
- a preliminary and permanent injunction prohibiting Defendants from implementing or enforcing 805 Ill. Comp. Stat. §105/114.15;
- any applicable costs and fees; and
- such other additional relief as justice may require.

2. **Case Plan**

### A. Identify all pending motions.

There are not any pending motions. The Alliance and the United States plan to file preliminary-injunction motions. Defendants' answers or responses to the complaint and

complaint in intervention are due 21 days after the United States serves the new Defendants on their complaint in intervention. Defendants currently plan to file a motion to dismiss the complaint and the complaint in intervention.

>    **B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

The State of Illinois, the Attorney General, the Director of the Illinois Department of Human Rights, and the Secretary of State anticipate responding to Plaintiff's complaint by a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Defendants also anticipate responding to Plaintiff-Intervenor's complaint in intervention by moving to dismiss under Rule 12(b)(6).

>    **C. Submit a proposed discovery plan, including the following information:**

The Alliance states that the challenged disclosures are due in November, and Defendants now say they will file a motion to dismiss. Defendants have received two extensions of their deadline to respond to the complaint: one that the Alliance did not oppose, and one that was as a result of the Motion to Intervene by the United States, so as to align briefing schedules for judicial efficiency. Both the Alliance and the United States plan to file preliminary-injunction motions within the next few weeks. The Alliance and the United States believe that discovery—and all other deadlines—should be stayed pending the resolution of those motions and any interlocutory appeal.

Defendants disagree. Defendants plan to move to dismiss the complaint and complaint in intervention no later than 21 days after Plaintiff-Intervenor serves the new defendants. Defendants also plan to seek discovery. Defendants plan to issue document requests, interrogatories, and requests to admit. Defendants also plan to take depositions. Defendants

4

will also seek expert discovery. Defendants propose that fact discovery close within six months of the court issuing a scheduling order, with written discovery concluding within the first three months. Defendants propose that expert discovery close three months following the close of fact discovery. Defendants do not anticipate that discovery will encompass ESI, but will work with Plaintiff and Plaintiff-Intervenor if the parties prefer to manage discovery electronically.

The Alliance and the United States have not requested a jury trial.

3. **Settlement**
   A. **State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.**

   The parties have not discussed settlement.

   B. **State whether the parties believe that a settlement conference would be productive at this time.**

   The parties do not believe that a settlement conference would be productive at this time.

4. **Consent to Proceed Before a Magistrate Judge**
   A. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.**

   The parties have informed their respective clients of the possibility of proceeding before a magistrate judge. The parties do not consent to proceeding before a magistrate judge.

5

Dated: March 18, 2025

*/s/ Elizabeth H. Jordan*
Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
elizabeth.jordan@ilag.gov
holly.berlin@ilag.gov

Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy*
  (VA Bar No. 47154)
Cameron T. Norris*
  (TN Bar No. 33467)
Matt Pociask**
  (Ill. Bar No. 6336568)
R. Gabriel Anderson*
  (TX Bar No. 24129302)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
matt@consovoymccarthy.com
gabe@consovoymccarthy.com

*pro hac vice
**member of the Northern District of Illinois

*Counsel for Plaintiff American Alliance for Equal Rights*

*/s/ Hilary F. Pinion*
Hilary F. Pinion
   (VA Bar No. 46872)
Louis Whitsett
   (DC Bar No. 257626)
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2151
Hilary.Pinion@usdoj.gov
Louis.Whitsett@usdoj.gov

*Counsel for Plaintiff-Intervenor United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify on March 18, 2025, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

*/s/ Cameron T. Norris*
Counsel for Plaintiff