**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, <br><br>        Plaintiff, <br><br>   v. <br><br> KWAME RAOUL, Attorney General of the State of Illinois; JAMES BENNETT, Director of the Illinois Department of Human Rights; and ALEXI GIANNOULIAS, Secretary of State of the State of Illinois; STATE OF ILLINOIS; J.B. PRITZKER, Governor of Illinois; <br><br>        Defendants, <br>   v. <br><br> UNITED STATES OF AMERICA <br><br>        Plaintiff-Intervenor. | Case No. 1:25-cv-669 <br> Hon. Sharon Johnson Coleman |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNSWORN ANONYMOUS**
**DECLARATIONS AND MEMORANDUM IN SUPPORT**

KWAME RAOUL
*Attorney General of Illinois*

Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Office of the Illinois Attorney General
*Counsel for Defendants*

In support of Plaintiff's motion for preliminary injunction, it filed two declarations by anonymous declarants "Officer A" and "Officer B." The declarations were signed using these aliases and lacked language swearing or affirming that the contents were true and correct under penalty of perjury. These anonymous declarations fail to comply with the evidentiary requirements set forth in 28 U.S.C. § 1746. Defendants respectfully move to strike these declarations from the record.

Two types of declarations are admissible in federal court. The first is a sworn declaration (also called an affidavit): "a voluntary declaration of facts written down and sworn by the declarant before an officer authorized to administer oaths." *Kalra v. United States*, No. 12-cv-3154, 2013 WL 1749385, at *3 (N.D. Ill. Apr. 23, 2013) (quoting Black's Law Dictionary 66 (9th ed. 2009)). In lieu of a sworn and notarized declaration, unsworn declarations are also admissible under certain circumstances prescribed by federal statute. The relevant statute provides, "[w]herever . . . any matter is required or permitted to be supported, evidenced, established, or proved by" a "*sworn* declaration," "such matter may, with like force and effect, be supported, evidenced, established, or proved by" an "*unsworn* declaration," provided that the unsworn declaration satisfies several requirements. 28 U.S.C. § 1746 (emphases added). These requirements are the inclusion of a statement that the declaration is "true under penalty of perjury," and that the declaration is "dated." *Id.* These phrases must be "in substantially the following form:" "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." *Id.*

"[C]ompliance with 28 U.S.C. § 1746 is mandatory and fundamental." *Knights v. Williams*, No. 02-cv-5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005); *see also Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985); *Flakes v. Carr*, No. 21-2464, 2022 WL 519909, at *1

(7th Cir. Feb. 22, 2022) (allowing electronic signatures but stating that "[d]eclarations *must* be signed under penalty of perjury." (emphasis added)); *London v. Guzman*, 26 F. Supp. 3d 746, 753 (N.D. Ill. 2014).

The penalty for noncompliance with 28 U.S.C. § 1746 is striking the declarations. *Davis v. Wells Fargo Bank*, 684 F. Supp. 2d 838, 842 (N.D. Ill. 2010); *see also Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) (district court was correct to disregard unsworn statement that excluded "penalty of perjury" language and lacked a statement that the contents were "true and correct").[1] The requirements in 28 U.S.C. § 1746 make sense: unsworn statements that are not made under penalty of perjury, and make no reference to the contents' veracity, are unreliable. *See Hudson v. Preckwinkle*, No. 13-cv-8752, 2015 WL 1541787, at *13 (N.D. Ill. March 31, 2015) (stating, "There is no explanation in the record for why Plaintiffs' counsel would go through the trouble of obtaining the statements without the added step of having them sworn as being the truth," but that "[t]here are numerous reasons" why a declarant "might not swear to a statement including, but not limited to, his potential risk of being prosecuted for perjury if a statement is deemed to be a false statement presented to the Court.").

The declarations of "Officer A" and "Officer B" are unsworn because they are not notarized. And these declarations do not comply with the requirements for unsworn declarations in 28 U.S.C. § 1746 because they do not swear or affirm that the contents of the declarations are true and correct under penalty of perjury.[2] For the foregoing reasons, Defendants respectfully request that this Court strike the declarations of "Officer A" and "Officer B."

---

[1] Although many of the cases applying 28 U.S.C. § 1746 were decided in the summary judgment context, the statute applies—by its plain terms—to any matter requiring the submission of evidence, which would include motions for preliminary injunction. *See Slover v. Schildmeier*, No. 22-2344, 2023 WL 4421381, at *1 (7th Cir. July 10, 2023) (applying 28 U.S.C. § 1746 to proof of mailing a notice of appeal).

[2] The anonymity of the declarants adds to the declarations' deficiency. 28 U.S.C. § 1746 "does not prohibit nicknames, aliases, or pseudonyms," but these are only acceptable if the declarant is "a readily identifiable person

Dated: May 6, 2025

KWAME RAOUL

*Attorney General of Illinois*

*/s/ Holly F.B. Berlin*
Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
elizabeth.jordan@ilag.gov
holly.berlin@ilag.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: */s/ Holly F.B. Berlin*
Holly F.B. Berlin
Assistant Attorney General

---

who can be subjected to the penalties for perjury." *Doe v. Duerfahrd*, No. 4:18-cv-72, 2022 WL 17253080, at *6 (N.D. Ind. Nov. 28, 2022). In *Duerfahrd*, the declarant went by their initials, G.G., and had other involvement in the case; therefore, that court had "no doubt that" G.G. was readily identifiable. In this case, Officers A and B are not readily identifiable because they are completely anonymous.