IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>        Plaintiff,<br><br>    v.<br><br>KWAME RAOUL, Attorney General of the State of Illinois; JAMES BENNETT, Director of the Illinois Department of Human Rights; and ALEXI GIANNOULIAS, Secretary of State of the State of Illinois; STATE OF ILLINOIS; J.B. PRITZKER, Governor of Illinois;<br><br>        Defendants,<br>    v.<br><br>UNITED STATES OF AMERICA<br><br>        Plaintiff-Intervenor. | Case No. 1:25-cv-669<br>Hon. Sharon Johnson Coleman |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S UNSWORN ANONYMOUS DECLARATIONS**

KWAME RAOUL
*Attorney General of Illinois*

Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Sherief Gaber
Office of the Illinois Attorney General
*Counsel for Defendants*

Plaintiff American Alliance for Equal Rights does not dispute that two declarations in support of their Motion for Preliminary Injunction failed to comply with 28 U.S.C. § 1742, the federal statute governing unsworn declarations. Instead, they deem the omission of reference to penalty of perjury a "clerical error," and minimize the importance of declarants swearing to the truth of their testimony.[1] Although Plaintiff has now filed amended declarations that include reference to penalty of perjury, more than five weeks after they originally filed the declarations in support of its Motion for Preliminary Injunction, the omissions in the first set of declarations were not true clerical errors, the amended declarations are still anonymous, and the declarants are not readily identifiable under penalty of perjury. Defendants respectfully request that this Court strike the original and amended declarations or, in the alternative, accord them no weight in adjudicating the pending motions for preliminary injunction.

The omission of any reference to the truth of a declaration's content, and failure to swear to that truth under penalty of perjury, is not a clerical error. Black's Law Dictionary defines "clerical error" in the context of a judicial decision, which is also applicable here: "An error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination; esp[ecially] a drafter's or typist's technical error that can be rectified without serious doubt about

---

[1] Plaintiff included an irrelevant and misleading timeline in its response to this motion. To clarify the record, Plaintiff indicated its plan to file a preliminary injunction at the outset of this action, including in the Joint Status Report, Dkt. 33, and before the Court on March 21, Dkt. 38. Defendants sought one extension of their deadline to respond to Plaintiff's original complaint, which Plaintiff did not oppose. The United States intervened in this case more than a month after the case was filed, and neither party opposed its intervention. Due to the near identical nature of the Complaint in Intervention and Plaintiff's first Complaint, Defendants sought to align deadlines to respond to both. Defendants filed a single motion to dismiss both complaints within 21 days of service of the Complaint in Intervention, as provided under the Federal Rules of Civil Procedure and this Court's minute order setting the briefing schedule. Dkt. 43. Plaintiff amended its complaint, after Defendants filed their consolidated motion to dismiss, necessitating a second motion to dismiss, which Defendants timely filed on May 6, 2025. Dkt. 68. Immediately following Defendants' filing of that motion, Intervenor amended its complaint, adding information largely identical to that which Plaintiff had added two weeks prior. The United States' amendment necessitated a third motion to dismiss, which Defendants timely filed on May 20, 2025. Dkt. 85. The delay and confusion Plaintiff now complains of was caused by the intervention of the United States, which Plaintiff did not oppose, and Plaintiff's and Intervenor's successive, duplicative amendments of their complaints.

the correct reading." Black's Law Dict. (12th ed.). Some examples of clerical errors are "omitting an appendix from a document; typing an incorrect number; mistranscribing or omitting an obviously needed word; and failing to log a call." *Id.* Failure to comply with arguably the most important requirement of a declaration—swearing under penalty of perjury that it is true—is not a minor mistake, nor can it be rectified without casting serious doubt on the value the declarant and its proponent afford to truthfulness of the statements. Instead, "compliance with 28 U.S.C. § 1746 is mandatory and fundamental." *Knights v. Williams*, No. 02-cv-5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005). Federal Rule of Evidence 603 states that the purpose of an oath or affirmation is to "impress [the duty to testify truthfully] on the witness's conscience"—while the rules of evidence may not apply in a preliminary injunction, that does not change the important policy consideration enshrined by the rule. Plaintiff's attempt to minimize the gravity of its omission with its extraordinary claim that such an omission amounts to a "clerical error" does not accord with common sense and legal principles.

Further, the amended declarations still fail to comply with the requirement that declarants be identifiable for possible perjury prosecution. Anonymity is only acceptable if the declarant is "a readily identifiable person who can be subjected to the penalties for perjury." *Doe v. Duerfahrd*, No. 4:18-cv-72, 2022 WL 17253080, at *6 (N.D. Ind. Nov. 28, 2022) (allowing a declaration submitted using the declarant's initials). A party wishing to proceed anonymously must make an affirmative showing to overcome the strong presumption that judicial proceedings are "supposed to be open" and that "concealment of a party's name impedes public access to the facts of the case, which include the parties' identity" *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

3

In addition, Plaintiff's offer to disclose to Defendants' counsel the names of Officers A and B would be insufficient to allow prosecution for perjury nor have plaintiffs offered any real showing of harm that would justify a protective order: under the terms of Plaintiff's proposed disclosure, Defendants' counsel would be prohibited from disclosing the identities of Officers A and B to appropriate authorities in the event of perjury. *See* Pl. Resp. to Mot. to Strike, Ex. A, Dkt. 78-1 ("So their identities could be disclosed only to the Court (under seal) and as necessary to the parties and their litigating counsel."). Moreover, Plaintiff's Exhibit A belies its reasoning regarding anonymity—Plaintiff refused to disclose its member organizations in its amended complaint due to an alleged "fear" that Illinois would retaliate in the form of, for example, possible investigations, but now offers to reveal the organizations to counsel, who conduct certain investigations for the State. Am. Compl. ¶ 37. This is plainly contradictory.

Further, despite Plaintiff's claim that anonymous declarations are "common and appropriate" citing their own out of circuit cases, numerous other cases conclude otherwise. *See, e.g. KeyView Labs, Inc. v. Barger*, No. 8:20-CV-2131, 2020 WL 8224618, at *6 (M.D. Fla. Dec. 22, 2020) (Jane Doe declaration insufficient to satisfy burden on preliminary injunction); *Doe v. L.A. Unified Sch. Dist.*, No. 2:16-cv-00305, 2017 WL 797152, at *8-9 (C.D. Cal. Feb. 27, 2017) (sustaining objection to use of anonymous declarations and noting that "[w]ithout any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury'"); *Ajisefinni v. KPMG LLP*, 17 F. Supp. 3d 28, 43 (D.D.C. 2014) (noting requirement to "set forth specific facts" in Rule 56 for opposing summary judgment is "not satisfied by an affiant whose identity is not disclosed"); *Or. Socialist Workers 1974 Campaign Comm. v. Paulus*, 432 F. Supp. 1255, 1259 (D. Or. 1977) (finding that anonymous affidavits were inappropriate because, although affiants may run risk of harassment

and fear, "our system of justice does not contemplate the judicial resolution of disputes based on secret testimony").

Finally, Defendants have not waived the argument that the declarations' anonymity alone disqualifies them from consideration. First, Defendants have consistently taken the position that anonymity for Members A and B is inappropriate. *See* Defs. Mot. to Dismiss Compls., Dkt. 56; Defs. Mot. to Dismiss Pl. Am. Compl., Dkt. 69; Defs. Resp. to Mots. for Prelim. Inj., Dkt. 73. The heart of these arguments are the same: by withholding public access to the facts of the case absent an extraordinary showing, which has not been made here, Plaintiff cannot use those facts to prevail in court. Second, arguments in footnotes are forfeited if they are not raised "other than by a *passing reference* in a footnote." *United States v. White*, 879, F.2d 1509, 1513 (7th Cir. 1989) (emphasis added). Defendants' footnote contained robust argument, relevant facts, and citation to case law. This is more than a "passing reference." *See United States ex rel. Blottiaux v. McAdory*, 264 F. Supp. 2d 704, 708 (N.D. Ill. 2003) (it is "more than a mere 'passing reference'" to a constitutional issue to "place[] both the operative facts and the controlling legal principles before the" Court); *Cf. Konte v. Holder*, 488 F. Appx. 135, 139 (7th Cir. 2012) (holding Immigration Judge's language in its decision regarding asylum applicant's credibility was "more than mere 'passing references of doubt'" and was therefore sufficient even absent an express finding on credibility).

Failure to comply with 28 U.S.C. § 1742 warrants striking declarations. *Davis v. Wells Fargo Bank*, 684 F. Supp. 2d 838, 842 (N.D. Ill. 2010); *see also Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) (district court was correct to disregard unsworn statement that excluded "penalty of perjury" language and lacked a statement that the contents were "true and correct"). Because of the omission of an oath that the declarations' content is true under penalty of perjury, and

5

because even the amended declarations do not subject readily identifiable individuals to the penalty of perjury, they are not only unreliable; they are also inadmissible for proving up Plaintiff's claim of irreparable harm. Defendants respectfully request that this Court strike both the original and amended noncompliant declarations, Dkts. 44-2, 44-3, 75-2, 75-3, or, alternatively, accord them no weight in adjudicating the pending motions for preliminary injunction.

Dated: May 21, 2025

KWAME RAOUL
*Attorney General of Illinois*

*/s/ Holly F.B. Berlin*
Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Sherief Gaber
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
elizabeth.jordan@ilag.gov
holly.berlin@ilag.gov
sherief.gaber@ilag.gov

*Counsel for Defendants*


### CERTIFICATE OF SERVICE

I certify that on May 21, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: */s/ Holly F.B. Berlin*
Holly F.B. Berlin
Assistant Attorney General

1