IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>    Plaintiff,<br><br>    v.<br><br>KWAME RAOUL, Attorney General of the State of Illinois; JAMES BENNETT, Director of the Illinois Department of Human Rights; and ALEXI GIANNOULIAS, Secretary of State of the State of Illinois; STATE OF ILLINOIS; J.B. PRITZKER, Governor of Illinois;<br><br>    Defendants,<br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Plaintiff-Intervenor. | Case No. 1:25-cv-669<br>Hon. Sharon Johnson Coleman |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

 

KWAME RAOUL
*Attorney General of Illinois*

Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Sherief Gaber
Office of the Illinois Attorney General
*Counsel for Defendants*

Plaintiff ("AAER") has not rebutted Defendants' ("Illinois") arguments that it lacks standing, has not stated a claim under the equal protection clause of the Fourteenth Amendment, and has improperly named the Illinois Secretary of State. Even at the pleading stage and given every reasonable inference in its favor, AAER's complaint, based on vague allegations and a connection to anonymous members that is tenuous at best, fails to plead a violation of law, or an injury to an identifiable party. Furthermore, AAER's use of anonymous and pseudonymous members is in tension with Seventh Circuit precedent on associational standing and the narrow circumstances under which anonymity is appropriate.

## ARGUMENT

### I. AAER cannot demonstrate injury-in-fact, even under the more lenient standard of review afforded to them at the pleading stage.

To start, AAER has failed to allege an injury-in-fact. In its opposition, AAER asserts that it has shown an injury in the form of alleged compliance costs. But these are not well pled and do not support a claim. Specifically, AAER alleges that its members will incur "direct expenses," such as "lost time and resources interviewing employees, collecting their information, and changing their websites." Pl. Am. Compl., Dkt. 59, ¶ 36. But nothing in the text of SB 2930 requires nonprofits to interview employees to collect information. AAER has invented a process not found in the law to bootstrap compliance costs, but the Amended Complaint does not actually allege what these activities could cost, why they are necessary for compliance, or how any such cost is conceivably derived or estimated. These scant allegations based on a misreading of law are insufficient; a plaintiff "cannot assert standing based on compliance costs that are not in fact legally mandated . . . . [A] plaintiff cannot claim standing to challenge a regulation based on a misreading of what that regulation permits or requires." *Prop. Cas. Insurers Ass'n of Am. v.*

1

*Todman*, 725 F. Supp. 3d 810, 826 (N.D. Ill. 2024) (citing *Elec. Priv. Info. Ctr. v. FAA*, 892 F.3d 1249, 1253-54 (D.C. Cir. 2018)).

By the same token, AAER cannot claim standing on the premise that even where 100% of directors and officers decline to disclose demographic data they would still be forced to publish this to their website. Resp. to Mot. to Dismiss at 4. This argument, found in AAER's response but not alleged in its Amended Complaint, is likewise based on a misreading of law and cannot form the basis for injury-in-fact. If all board members were to "decline to disclose . . . personal demographic information," then there would be no "aggregated demographic information" and nothing to publish on the corporation's website. 805 ILCS 105/114.15. AAER has misread the law and suggests that Illinois should have submitted declarations to rebut *their* misreading. It would be inappropriate at the Motion to Dismiss stage for Illinois to submit declarations, as AAER suggests, Resp. to Mot. to Dismiss at 4, because the burden is on AAER to prove its case, not the State. The plain language of the statute controls the question regardless. The statute only requires that the "aggregated demographic information" be posted; where such disclosure has been declined by all directors, there would be nothing to post.

AAER has also conceded, as recently as during its argument before this court on its motion for a preliminary injunction held before this court on May 23, 2025, that Illinois could constitutionally require corporations to collect the demographic information described by SB 2930 and submit that information to the State. During this argument, AAER also conceded, in response to a question from the court about their equal protection claim, that AAER's only concern is with race and not other protected categories or demographic information. These concessions undercut AAER's claims of injury and highlight their lack of standing.

2

## II. Alternatively, AAER lacks standing because of its impermissible failure to name its members.

In any event, AAER is not entitled to base its claims of associational standing on members who seek to proceed pseudonymously, as Illinois has argued throughout this matter. *See*, *e.g.* Mot. to Dismiss Pl. Am. Compl. at 4-8. In addition to conflicting with the proper interpretation of *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), the use of anonymity here goes against a strong public policy of open judicial proceedings and is an attempt to bootstrap standing without having to identify a real party in interest. *Id.* at 498-499.

Cases involving associational standing and cases involving anonymous plaintiffs both implicate the question of a real-party-in-interest and the need to identify *who* has standing to sue. AAER's claim that "Illinois combines associational-standing cases that don't involve anonymity with anonymity cases that don't involve associational-standing," Resp. to Mot. to Dismiss at 7, is not a criticism but the appropriate way to analyze this situation, and demonstrates how AAER tries to combine anonymity and associational standing to reap the benefits and avoid the requirements of both. Thinking of associational standing separately from anonymity would "[permit] associational plaintiffs to proceed to discovery in nearly every case" *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1010-11 (7th Cir. 2021) and render any 12(b)(1) motion fruitless. The court should reject AAER's attempted procedural end run and, in doing so, recognize that Plaintiffs have not demonstrated standing and dismiss the complaint. Indeed, without these putative members, AAER's disagreement with SB 2930 would not be

actionable: it would be merely "general legal, moral, ideological, or policy objection to a particular government action." *All. for Hippocratic Med.,* 602 U.S. at 381.[1]

A party wishing to proceed anonymously, whether as a plaintiff, a party-in-interest or a witness, must make an affirmative showing to overcome the strong presumption that judicial proceedings are "supposed to be open" and that "concealment of a party's name impedes public access to the facts of the case, which include the parties' identity" *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)[2]); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

The Seventh Circuit has recently gone as far as to find it an abuse of discretion to permit a litigant to "conceal his name without finding that he is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)" and directed the district court on remand to dismiss the case if Doe did not disclose their identity. *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 493 (7th Cir. 2024). Several other decisions have reiterated the need for an "extraordinary justification" to proceed anonymously. *Shaw v. Hall*, No. 24-2556, 2025 WL 485508 at 1 n. "†" (7th Cir. Feb. 13, 2025); *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *2 (7th Cir. March 27, 2025).

---

[1] In another AAER case, *AAER v. Ivey,* No. 2:24-cv-00104 (M.D. Ala. 2024), after denial of a preliminary injunction and being compelled to disclose their anonymous member, AAER moved to substitute themselves out of the case. The court found "undue prejudice, dilatory motive, undue delay and bad faith" in denying the motion, noting "What does appear clear is that AAER declared itself the jockey in a race that it started and has ridden this horse in this manner since] February 2024. Clark [the formerly anonymous AAER member] could have been the jockey from the outset, but AAER chose not to proceed in that manner. Similarly, AAER could have switched riders (i.e., Clark for AAER) well before the amended pleadings deadline. Instead, AAER rode on. It was not until [the Alabama Association of Real Estate Brokers] asked for AAER's deposition that AAER decided that it wanted off the horse and to change jockeys during the last furlong, so as to avoid giving a deposition." Dkt. 94 at 5. On June 6, 2025 AAER stipulated to dismissal of their action. Dkt. 95.

[2] In *Doe v. Chicago,* the 7th Circuit found that "[t]he judge's failure to make an *independent determination* of the appropriateness of the plaintiff's concealing her name was error." 360 F.3d at 669 (emphasis added).

4

But AAER has not even attempted to satisfy any of these requirements, and its claim of associational standing should not and does not allow Members A and B to circumvent this weighty public policy. *Trs. of Ind. Univ.*, 101 F.4th at 491-92 ("Why should a plaintiff be able to shield himself from public knowledge of his acts when throwing a harsh light on identified defendants?"). AAER touts its own litigation in other, out-of-circuit district court cases where it says that it has avoided dismissal on standing grounds, but it provides no precedent from the Seventh Circuit or this court.

But even if the decisions AAER cites were relevant, AAER mischaracterizes *Do No Harm v. Pfizer, Inc.*, 126 F.4th 109 (2d Cir. 2025), and *Speech First v. Shrum*, 92 F.4th 947 (10th Cir. 2024), and tries to rewrite *Summers*. To start, AAER misleadingly claims that *Do No Harm* and *Shrum* were "reversed on appeal," Resp. to Mot. to Dismiss at 6, but that is not an accurate characterization. In *Do No Harm*—a case brought by an organizational plaintiff claiming associational standing on behalf of anonymous members (represented by the same counsel as Plaintiffs in this action)—the district court denied the plaintiff's preliminary injunction and dismissed the complaint under the standard for showing standing at the preliminary injunction stage. Plaintiffs appealed *only* the dismissal of the complaint, and the Second Circuit directed the district court to assess whether the "allegations in the complaint are sufficient to support standing under the standard applicable at the pleadings stage . . . in the first instance." 126 F.4th at 119. *Do No Harm* thus stands only for the proposition that a district court must evaluate a plaintiff's standing under the motion-to-dismiss standard before dismissing a complaint.

As to *Speech First, Inc. v. Shrum*, the district court for the Western District of Oklahoma dismissed a complaint, supported by three anonymous declarations, for lack of standing for failure to name the members on behalf of whom the association sued. The Tenth Circuit reversed

5

and remanded but at the same time expressed serious "concerns about suits brought under the cloak of anonymity" and "questions about the existence or bona fides of the person" as well as "questions about whether anonymity is being improperly exploited, in which case the court may require the plaintiff to proceed under his or her legal name." 92 F.4th at 950. These specific questions were not at issue in *Speech First*, but they are here, as Illinois has consistently argued.

AAER similarly tries to limit the holding of *Summers* only to "final judgment after trial," Resp. to Mot. to Dismiss at 8, but that characterization is inaccurate. In fact, the Seventh Circuit has suggested that *Summers'* naming requirement applies at the pleading stage. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th at 1010-11. All of AAER's Seventh Circuit cases suggesting otherwise, cited in footnote 2 of their opposition papers, predate *Summers* (and *Prairie Rivers,* by extension).

AAER's presumptive use of anonymity should be considered in tandem with their claims to associational standing. Combining the two as they do, they fail to prove standing.

**III.     AAER has not shown any equal protection violation and fails to state a claim**

AAER fails to address Illinois' arguments on the merits of its equal protection claim, spending a total of eight lines—with no case law citations—referring to its preliminary injunction briefing (which, as discussed below, cannot be considered on a motion to dismiss). And while the rules provide that this court should assume that the *facts* pled are true, factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). AAER has not stated a plausible claim. They conclusorily state that SB 2930 is discriminatory and violates the equal protection clause, but even taken at face value, their chain of attenuated hypotheticals does not show any such violation.

The plain language of SB 2930 shows that it does not require differential treatment based on race, nor does it confer any benefit or burden on the basis of race or any other protected category. AAER has no response to Illinois' arguments but instead continues to insist that SB 2930 "encourages and pressures race-based decision making." Resp. to Mot. to Dismiss at 12. However, this theory is premised on accepting numerous attenuated and conclusory hypotheticals. *See, e.g.* Am. Compl. ¶ 45. Accepting that asking directors and officers for optional demographic information will *compel* third parties to racially discriminate is well beyond a favorable inference.

AAER has failed to assert a "legally protected interest." *Parker v. District of Columbia* (478 F.3d 370, 377 (D.C. Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Discomforts and fears about having to discuss demographic data, and from having to disclose it, and a potential public reaction to that information do not rise to the level of actual injury, and none of them make the basis for a violation of law. *See, e.g., Speech First, Inc. v. Killeen,* 968 F.3d 628, 640-41 (7th Cir. 2020). AAER has not cited a single case stating otherwise.

**IV.    AAER's argument to retain the Illinois Secretary of State as a Defendant misapprehends the Secretary's role and the law.**

AAER's opposition to dismissal of the Illinois Secretary of State merely repeats its pleadings and does not address Illinois' legal arguments in its brief that AAER has misinterpreted the Illinois Not For Profit Corporation Act, 805 ILCS 105, and role of the Secretary here. Illinois' initial motion demonstrated how the Secretary's administration is restricted to enumerated "duties therein imposed," 8-5 ILCS 105/101.05 and only possesses limited enumerated enforcement powers, 805 ILCS 105/112.35, but SB 2930 enumerates no duties nor does it overlap with the Secretary's enforcement authority. To repeat: state law does not permit

7

the Secretary to enforce SB 2930 in any way, and, therefore, any harm that AAER alleges is neither traceable to actions of the Secretary, nor redressable by an injunction prohibiting the Secretary from enforcing SB 2930.

AAER's papers suggest that they have only named the Secretary for discovery purposes. *See* Resp. to Mot. to Dismiss at 11 ("Illinois should stipulate that, should the parties seek discovery, any requests to Secretary Giannoulias will be treated as though they were made to a party."). The facilitation of AAER's discovery efforts is not a basis for jurisdiction.

### V. AAER's declarations and exhibits submitted with their preliminary injunction motion cannot be considered in adjudicating a motion to dismiss.

AAER's response papers make numerous, significant references to its preliminary injunction motion and reply papers to justify AAER's argument that it has a chance to succeed on the merits. *See* Resp. to Mot. to Dismiss at 6, 12. Those briefs in turn reference and rely on declarations from Edward Blum, "Officer A" and "Officer B."[3] These additional factual materials exceed the four corners of the complaint and should be excluded from review. Rule 12(d) prescribes that when matters outside the pleadings "are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added); *see Fin. Fiduciaries, LLC v. Gannett Co.,* 46 F.4th 654, 663 (7th Cir. 2022) ("Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint."). This applies when a plaintiff submits additional declarations in opposition to a motion to dismiss. *Trs. of Indiana Univ.*, 2021 WL 2213257, at *1; *Cheese Depot, Inc. v. Sirob Imps., Inc.*, No. 14-cv-1727, 2016 WL 6804561, at

---

[3] By contrast, Illinois does not take objection to included references to news articles attached as exhibits to the Declaration of R. Gabriel Anderson, as those exhibits were referenced in the complaint and may be incorporated by reference subject to Federal Rule of Civil Procedure 10.

*1 (N.D. Ill. Nov. 17, 2016). In this instance, particularly where the declarations themselves are contested,[4] Illinois would respectfully request that this Court exclude any consideration of these declarations and arguments made in support of AAER's preliminary injunction motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully reiterate their request that this Court dismiss Plaintiff's Amended Complaint under Rule 12(b)(1) and, alternatively, dismiss the equal protection claim under Rule 12(b)(6). Defendants also respectfully request that this Court dismiss the Secretary.

Dated: June 10, 2025

> KWAME RAOUL
> Attorney General of Illinois
>
> /s/ Sherief Gaber
> Karyn L. Bass Ehler
> Elizabeth H. Jordan
> Holly F.B. Berlin
> Sherief Gaber
> Office of the Illinois Attorney General
> 115 S. LaSalle Street
> Chicago, IL 60603
> 312-814-3000
> karyn.bassehler@ilag.gov
> elizabeth.jordan@ilag.gov
> holly.berlin@ilag.gov
> sherief.gaber@ilag.gov
>
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

---

[4] Illinois has already argued its motion to strike those declarations and will not repeat those arguments here but incorporates them by reference to the extent necessary to argue their exclusion from consideration. Mot. to Strike, Dkt. 71; Reply to Mot. to Strike, Dkt. 90.

      I certify that on June 10, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

    By:    */s/ Sherief Gaber*
              Sherief Gaber
              Assistant Attorney General