IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, <br><br> Plaintiff, <br><br> v. <br><br> KWAME RAOUL, Attorney General of the State of Illinois; JAMES BENNETT, Director of the Illinois Department of Human Rights; and ALEXI GIANNOULIAS, Secretary of State of the State of Illinois; STATE OF ILLINOIS; J.B. PRITZKER, Governor of Illinois; <br><br> Defendants, <br> v. <br><br> UNITED STATES OF AMERICA <br><br> Plaintiff-Intervenor. | Case No. 1:25-cv-669 <br> Hon. Sharon Johnson Coleman |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND "NOTICE OF SUPPLEMENTAL AUTHORITY"**

Yet again, and still without seeking this Court's leave, Plaintiff American Alliance for Equal Rights filed a document styled as a notice of supplemental authority regarding *American Alliance for Equal Rights v. Pritzker*, No. 3:24-cv-3299, Dkt. 16 (C.D. Ill. August 5, 2025). Dkt. 98. As in Plaintiff's last notice, Dkt. 96, the bulk of the filing contains improper argument, which this Court should disregard. *Olson v. LTF Club Mgmt. Co., LLC*, No. 16-cv-1179, 2016 WL 5954853, at *1 n.3 (N.D. Ill. Oct. 13, 2016) ("To the extent the notice of supplemental authority contains argument and analysis of the proffered case, it is a sur-reply filed without leave of court and will be disregarded.").

1

As to the purported authority, it neither binds this Court, nor is it persuasive. First, the facts of this case are meaningfully different: the anonymous member in *Pritzker* was an individual and a minor. Dkt. 98-1 at 9. Status as a minor can justify anonymity in court, as can "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court," *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024), as Defendants explained at the preliminary injunction hearing and in briefing before this Court. Here, naming the associational members would reveal only the names of corporations. Plaintiff has never provided authority supporting the extension of anonymity privileges to corporate names nor sought leave from this Court to file under seal and afford anonymity to the organizations on which Plaintiff bases its standing.

Second, respectfully, the *Pritzker* opinion misreads the law. The Seventh Circuit has done more than "explicitly reserve[] the question," Dkt. 98-1 at 7, of whether *Summers* overruled its prior decisions allowing for individual anonymity in associational standing cases. In *Prairie Rivers Network*, the Seventh Circuit cast doubt on the viability of anonymous associational standing in the motion to dismiss context. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1011 (7th Cir. 2021). Moreover, even if the *Pritzker* opinion were correct, the burden to establish standing is higher when a plaintiff seeks a preliminary injunction, as Plaintiff has here, than at the motion to dismiss stage, when *Pritzker* was decided.[1]

Defendants respectfully request that this Court disregard Plaintiff's filing as an improper sur-reply filed without leave and decline to rely on *Pritzker* for the reasons stated above.

---

[1] Even if this Court held that Plaintiff need not name the organizations on which it bases its standing, Defendants' motion to dismiss raises numerous other issues that render the Amended Complaint insufficient. *See* Dkt. 69.

Dated: August 12, 2025

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

*/s/ Holly F.B. Berlin*
Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Sherief Gaber
Office of the Illinois Attorney General
115 S LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
elizabeth.jordan@ilag.gov
holly.berlin@ilag.gov
sherief.gaber@ilag.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: */s/ Holly F.B. Berlin*
Holly F.B. Berlin
Assistant Attorney General