

**UNITED STATES DISTRICT COURT**
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

**THOMAS G. BRUTON**
CLERK

312-435-5670

Date:


Re:
USDC Case Number:
Judge:


The attached copy of the Notice of Appeal is being mailed to all parties pursuant to F.R.A.P.3(d). Circuit Rule 10 provides that the entire record be electronically accessible to the Court of Appeals. Counsel must ensure that Trial Exhibits to be included in the record which are not listed on the District Court docket and/or in the possession of the District Court Clerk are furnished to the Clerk on or before                                    , together with an exhibit list.

F.R.A.P. 10(b) requires that within fourteen (14) days of the filing of the Notice of Appeal, the appellant order a transcript of such parts of the proceedings not already on file which he/she deems necessary for the record.  Should appellant order less than the entire transcript, he/she is required to file and serve on appellee a description of the parts he/she intends to order.  Under such circumstances, appellee has fourteen (14) days after service within which to order any additional parts of the transcript.

In the event it becomes necessary to supplement, modify, correct, or strike documents that are to be considered as part of the record on appeal, a court order must be issued and sent to the Court of Appeals.

<div style="margin-left:40%">

Sincerely yours,
Thomas G. Bruton, Clerk
By: /s/
     Deputy Clerk

</div>


Enclosure


Rev. 06/20/2018

APPEAL,McSHAIN

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00669
## Internal Use Only

American Alliance For Equal Rights v. Bennett et al
Assigned to: Honorable Sharon Johnson Coleman
Cause: 28:1983 Civil Rights

Date Filed: 01/21/2025
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Plaintiff**

**American Alliance For Equal Rights**

represented by **Cameron T. Norris**
Consovoy McCarthy PLLC
1600 Wilson Blvd
Arlington, VA 22209
(703) 243-9423
Fax: Pro Hac Vice
Email: cam@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Gabriel Anderson**
Consovoy McCarthy
1600 Wilson Boulevard
Arlington, VA 22209
(703) 243-9423
Fax: Pro Hac Vice
Email: gabe@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R. Mccarthy**
Wiley Rein Llp
1776 K. Street Nw
Washington, DC 20006
(202) 719-7000
Fax: Pro Hac Vice
Email: tmccarthy@wileyrein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie E Sayer**
Consovoy McCarthy PLLC
1600 Wilson Blvd. Ste. 700
Arlington, VA 22201
(703) 243-9423



A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
August 22, 2025

Fax: Pro Hac Vice
Email: mari@consovoymccarthy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Pociask**
Consovoy McCarthy PLLC
1600 Wilson Boulevard
700
Arlington, VA 22209
(703) 243-9423
Fax: Pro Hac Vice
Email: matt@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**James Bennett**
*in his official capacity as Director of the*
*Illinois Department of Human Rights*

represented by **Karyn L Bass Ehler**
Office of the Illinois Attorney General
100 W. Randolph Street
12th Floor
Chicago, IL 60601
312-814-3000
Fax: Active
Email: Karyn.BassEhler@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth H. Jordan**
Office of the Attorney General
100 West Randolph St.
Chicago, IL 60601
872-276-3629
Fax: Not a member
Email: elizabeth.jordan@ilag.gov
*ATTORNEY TO BE NOTICED*

**Holly Frances Balsley Berlin**
Office Of The Attorney General Of Illinois
115 S Lasalle St
35th Floor
Chicago, IL 60603
(773) 519-1678
Fax: Not a member
Email: holly.berlin@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
Illinois Office Of The Attorney General
115 South Lasalle
Chicago, IL 60603
(773) 519-3015

Fax: Not a member
Email: sherief.gaber@ilag.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kwame Raoul**
*in his official capacity as Attorney General
of the State of Illinois*

represented by **Karyn L Bass Ehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth H. Jordan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Holly Frances Balsley Berlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alexi Giannoulias**
*in his official capacity as Secretary of State
of the State of Illinois*

represented by **Karyn L Bass Ehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth H. Jordan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Holly Frances Balsley Berlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**J.B. Pritzker**
*in his official capacity as Governor of the*
*State of Illinois*

represented by **Elizabeth H. Jordan**
Office of the Attorney General
Special Litigation Bureau
100 West Randolph St.
Chicago, IL 60601
872-276-3629
Fax: Not a member
Email: elizabeth.jordan@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**State of Illinois**

represented by **Elizabeth H. Jordan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**UNITED STATES**

represented by **Hilary Pinion**
DOJ-Crt
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
202-514-2151
Email: hilary.pinion@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abhishek Kambli**
DOJ-Oasg
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
202-445-5496
Fax: Not a member
Email: abhishek.kambli@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Louis Whitsett**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Suite PHB-4038
Washington, DC 20530
202 305 0942
Fax: US Govt Attorney
Email: louis.whitsett@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2025 | 1 | COMPLAINT filed by American Alliance For Equal Rights; Filing fee $ 405, receipt number AILNDC-22974145. (Attachments: # 1 Civil Cover Sheet, # 2 Local Rule 3.2 Notification of Affiliates)(Pociask, Matthew) (Entered: 01/21/2025) |
| 01/21/2025 | 2 | ATTORNEY Appearance for Plaintiff American Alliance For Equal Rights by Matthew Pociask (Pociask, Matthew) (Entered: 01/21/2025) |
| 01/21/2025 | | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable Heather K. McShain. Case assignment: Random assignment. (Civil Category 2). (dec, ) (Entered: 01/21/2025) |
| 01/21/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (dec, ) (Entered: 01/21/2025) |
| 01/22/2025 | 3 | MINUTE entry before the Honorable Sharon Johnson Coleman: This case has been assigned to the calendar of Judge Sharon Johnson Coleman. Status hearing is set for 3/21/2025 at 9:45 AM as an in-person hearing. Plaintiff(s) is directed to advise the defendant(s) of the status hearing forthwith. The parties are directed to meet and discuss the status of the case. The parties are to file a joint status report in the format described on the court's website at www.ilnd.uscourts.gov at least 3 business days prior to the status. The parties are directed to discuss settlement, and whether they consent to proceed before the Magistrate Judge. If the parties agree to consent jurisdiction before the Magistrate Judge, all parties must sign the consent form and electronically file the signed form on the case docket. The court encourages the parties to review this court's website for its standing orders prior to contacting chambers. Mailed notice. (ym) (Entered: 01/22/2025) |
| 01/23/2025 | | SUMMONS Issued as to Defendants James Bennett, Alexi Giannoulias, Kwame Raoul (lj, ) (Entered: 01/23/2025) |
| 01/27/2025 | 4 | AFFIDAVIT of Service filed by Plaintiff American Alliance For Equal Rights regarding Summons served on Alexi Giannoulias, James Bennett, and Kwame Raoul on 1/24/25 (Pociask, Matthew) (Entered: 01/27/2025) |
| 01/28/2025 | 5 | SUMMONS Returned Executed by American Alliance For Equal Rights as to James Bennett on 1/24/2025, answer due 2/14/2025; Alexi Giannoulias on 1/24/2025, answer due 2/14/2025; Kwame Raoul on 1/24/2025, answer due 2/14/2025. (Pociask, Matthew) (Entered: 01/28/2025) |
| 02/13/2025 | 6 | ATTORNEY Appearance for Defendants James Bennett, Kwame Raoul, Alexi Giannoulias by Karyn L Bass Ehler (Bass Ehler, Karyn) (Entered: 02/13/2025) |
| 02/13/2025 | 7 | MOTION by Defendants James Bennett, Kwame Raoul, Alexi Giannoulias for extension of time to file answer regarding complaint 1 *Agreed* <br><br> (Attachments: # 1 Text of Proposed Order)(Bass Ehler, Karyn) (Entered: 02/13/2025) |

| 02/13/2025 | 8 | NOTICE of Motion by Karyn L Bass Ehler for presentment of motion for extension of time to file answer 7 before Honorable Sharon Johnson Coleman on 2/18/2025 at 10:00 AM. (Bass Ehler, Karyn) (Entered: 02/13/2025) |
|---|---|---|
| 02/14/2025 | 9 | ATTORNEY Appearance for Defendants James Bennett, Kwame Raoul, Alexi Giannoulias by Elizabeth H. Jordan (Jordan, Elizabeth) (Entered: 02/14/2025) |
| 02/14/2025 | 10 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendants' agreed motion for initial extension of time to answer 7 is granted. Responsive pleading to be filed by 3/14/2025. No appearance necessary on 2/18/2025. Mailed notice. (ym) (Entered: 02/14/2025) |
| 02/19/2025 | 11 | ATTORNEY Appearance for Defendants James Bennett, Alexi Giannoulias, Kwame Raoul by Holly Frances Balsley Berlin (Berlin, Holly) (Entered: 02/19/2025) |
| 02/24/2025 | 12 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23119836.<br><br>(Anderson, R. Gabriel) (Entered: 02/24/2025) |
| 02/25/2025 | 13 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Richard Gabriel Anderson's motion for leave to appear pro hac vice 12 is granted. Mailed notice. (ym) (Entered: 02/25/2025) |
| 02/25/2025 | 14 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23132268.<br><br>(Norris, Cameron) (Entered: 02/25/2025) |
| 02/26/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23138054.<br><br>(McCarthy, Thomas) (Entered: 02/26/2025) |
| 03/03/2025 | 16 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorneys Cameron T. Norris and Thomas R. McCarthy's motions for leave to appear pro hac vice 14 and 15 are granted. Mailed notice. (ym) (Entered: 03/03/2025) |
| 03/04/2025 | 17 | MOTION by Intervenor Plaintiff UNITED STATES to intervene<br><br>(Attachments: # 1 Exhibit Certificate of the Attorney General, # 2 Exhibit Complaint in Intervention)(Pinion, Hilary) (Entered: 03/04/2025) |
| 03/04/2025 | 18 | MEMORANDUM by UNITED STATES in support of motion to intervene 17 (Pinion, Hilary) (Entered: 03/04/2025) |
| 03/04/2025 | 19 | ATTORNEY Appearance for Intervenor Plaintiff UNITED STATES by Hilary Pinion (Pinion, Hilary) (Entered: 03/04/2025) |
| 03/04/2025 | 20 | NOTICE of Motion by Hilary Pinion for presentment of motion to intervene 17 before Honorable Sharon Johnson Coleman on 3/11/2025 at 10:00 AM. (Pinion, Hilary) (Entered: 03/04/2025) |
| 03/06/2025 | 21 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court is in receipt of the United States' motion to intervene 17 . If Defendants wish to file a response, such response must be filed by 3/18/2025. The United States' reply is due 3/25/2025. Presentment hearing set for 3/11/2025 is stricken. The in-person status hearing set for 3/21/2025 at 9:45 AM stands. The parties are to file a joint status report in the format described on the court's website at www.ilnd.uscourts.gov at |

| | | least 3 business days prior to the status hearing. Mailed notice. (ym) (Entered: 03/06/2025) |
|---|---|---|
| 03/10/2025 | 22 | NOTICE by James Bennett, Alexi Giannoulias, Kwame Raoul *of No Opposition to Proposed Intervenor's Motion to Intervene* (Berlin, Holly) (Entered: 03/10/2025) |
| 03/10/2025 | 23 | MOTION by Defendants James Bennett, Alexi Giannoulias, Kwame Raoul for extension of time to file answer *or Otherwise Respond so as to Align Case Deadlines*<br><br>(Berlin, Holly) (Entered: 03/10/2025) |
| 03/10/2025 | 24 | NOTICE of Motion by Holly Frances Balsley Berlin for presentment of motion for extension of time to file answer 23 before Honorable Sharon Johnson Coleman on 3/18/2025 at 10:00 AM. (Berlin, Holly) (Entered: 03/10/2025) |
| 03/11/2025 | 25 | MINUTE entry before the Honorable Sharon Johnson Coleman: In light of Defendants' non-opposition to the United States' motion to intervene, the Court grants the United States' motion to intervene 17 and strikes the related briefing schedule 21 . The Court grants Defendants' Motion to Extend Time to Answer or Otherwise Respond so as to Align Case Deadlines 23 . Accordingly, Defendants' deadline to answer or otherwise respond to the Complaint and the Complaint in Intervention shall be 21 days after Intervenor serves the new Defendants it seeks to add. Presentment hearing set for 3/18/2025 is stricken. The in-person status hearing set for 3/21/2025 at 9:45 AM stands. Mailed notice. (ym) (Entered: 03/11/2025) |
| 03/12/2025 | 26 | MINUTE entry before the Honorable Sharon Johnson Coleman: The in-person status hearing set for 3/21/2025 at 9:45 AM is reset to 10:30 AM (NOTE TIME CHANGE ONLY). Mailed notice. (ym) (Entered: 03/12/2025) |
| 03/12/2025 | 27 | ATTORNEY Appearance for Intervenor Plaintiff UNITED STATES by Louis Whitsett (Whitsett, Louis) (Entered: 03/12/2025) |
| 03/13/2025 | 28 | INTERVENOR complaint filed by UNITED STATES against All Defendants (Pinion, Hilary) (Entered: 03/13/2025) |
| 03/18/2025 | 33 | STATUS Report by American Alliance For Equal Rights<br><br>(Norris, Cameron) (Entered: 03/18/2025) |
| 03/19/2025 | 🔒 36 | SUMMONS Issued (Court Participant) as to Defendant State of Illinois (rjm, ) (Entered: 03/19/2025) |
| 03/19/2025 | 🔒 37 | SUMMONS Issued (Court Participant) as to Defendant J.B. Pritzker (rjm, ) (Entered: 03/19/2025) |
| 03/21/2025 | 38 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 3/21/2025. The Court notes that Defendants J. B. Pritzker and the State of Illinois need to be served. Counsel for Intervenor Plaintiff reported that summons were issued and are in the process of being served. Counsel expects service to be completed either today or next week. Counsel for Plaintiff reported that Plaintiff and Intervenor Plaintiff intend to file motions for preliminary injunction by April 1, 2025, and requested that the issues in this matter be ruled on expeditiously. If Plaintiff Intervenor completes service upon all Defendants on Monday, 3/24/2025, responsive pleadings for all Defendants are to be filed on or before 4/14/2025. Otherwise, Defendants' responsive pleadings must be filed within 21 days after service on all Defendants is completed. Counsel for Defendants reported that they oppose Plaintiff and Intervenor Plaintiff's request for a stay of discovery. No discovery shall be conducted pending the filings of responsive pleadings. The Court |

| | | |
|---|---|---|
| | | sets an in-person status hearing for 4/30/2025 at 9:00 AM. Mailed notice. (ym) (Entered: 03/21/2025) |
| 03/26/2025 | 39 | AFFIDAVIT of Service filed by Intervenor Plaintiff UNITED STATES regarding Affidavit of Service served on State of Illinois on 3/25/25 (Whitsett, Louis) (Entered: 03/26/2025) |
| 03/26/2025 | 40 | SUMMONS Returned Executed by UNITED STATES as to State of Illinois on 3/25/2025, answer due 4/15/2025. (Whitsett, Louis) (Entered: 03/26/2025) |
| 03/26/2025 | 41 | AFFIDAVIT of Service filed by Intervenor Plaintiff UNITED STATES regarding Complaint in Intervention served on Governor of Illinois on 3/24/25 (Whitsett, Louis) (Entered: 03/26/2025) |
| 03/26/2025 | 42 | SUMMONS Returned Executed by UNITED STATES as to J.B. Pritzker on 3/24/2025, answer due 4/14/2025. (Whitsett, Louis) (Entered: 03/26/2025) |
| 04/01/2025 | 43 | MINUTE entry before the Honorable Sharon Johnson Coleman: Consistent with this Court's Orders on 3/11/2025 25 and 3/21/2025 38 , responsive pleadings for all Defendants are to be filed on or before 4/15/2025. Mailed notice. (ym) (Entered: 04/01/2025) |
| 04/01/2025 | 44 | MOTION by Plaintiff American Alliance For Equal Rights for preliminary injunction<br><br>(Attachments: # 1 Declaration of Edward Blum, # 2 Declaration of Officer A, # 3 Declaration of Officer B, # 4 Appendix)(Norris, Cameron) (Entered: 04/01/2025) |
| 04/01/2025 | 45 | NOTICE of Motion by Cameron T. Norris for presentment of motion for preliminary injunction 44 before Honorable Sharon Johnson Coleman on 4/15/2025 at 10:00 AM. (Norris, Cameron) (Entered: 04/01/2025) |
| 04/02/2025 | 46 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendants to file a response to plaintiff's motion for preliminary injunction 44 by 4/29/2025. Plaintiff to file a reply by 5/13/2025. Once the matter is fully briefed, the Court shall take it under advisement. Oral arguments are set for 5/23/2025 at 1:30 PM as an in-person hearing. No appearance necessary on 4/15/2025. As this Court's website directs, the parties must provide courtesy copies in hard copy form of all substantive and/or dispositive motions, including the corresponding legal briefs and attachments. Mailed notice. (ym) (Entered: 04/02/2025) |
| 04/04/2025 | 47 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23303160.<br><br>(Sayer, Marie) (Entered: 04/04/2025) |
| 04/04/2025 | 48 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Marie E. Sayer's motion for leave to appear pro hac vice 47 is denied for failure to complete the form in its entirety. Mailed notice. (ym) (Entered: 04/04/2025) |
| 04/08/2025 | 49 | MOTION by Intervenor Plaintiff UNITED STATES for preliminary injunction<br><br>(Pinion, Hilary) (Entered: 04/08/2025) |
| 04/08/2025 | 50 | MEMORANDUM by UNITED STATES in support of motion for preliminary injunction 49 (Pinion, Hilary) (Entered: 04/08/2025) |
| 04/08/2025 | 51 | NOTICE of Motion by Hilary Pinion for presentment of motion for preliminary injunction 49 before Honorable Sharon Johnson Coleman on 4/15/2025 at 10:00 |

| | | |
|---|---|---|
| | | AM. (Pinion, Hilary) (Entered: 04/08/2025) |
| 04/09/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23322185.<br><br>(Sayer, Marie) (Entered: 04/09/2025) |
| 04/09/2025 | 53 | MINUTE entry before the Honorable Sharon Johnson Coleman: In light of Intervenor Plaintiff's motion 49 , the Court adjusts the briefing schedule. Defendants to file a response or responses to Plaintiff and Intervenor Plaintiff's motions for preliminary injunction [44, 49] by 5/2/2025. Plaintiff and Intervenor Plaintiff to file their replies by 5/13/2025. Oral arguments are set for 5/23/2025 at 1:30 PM as an in-person hearing. No appearance necessary on 4/15/2025. Mailed notice. (ym) (Entered: 04/09/2025) |
| 04/09/2025 | 54 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Marie E. Sayer's motion for leave to appear pro hac vice 52 is granted. Mailed notice. (ym) (Entered: 04/09/2025) |
| 04/15/2025 | 55 | MOTION by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett to dismiss<br><br>(Jordan, Elizabeth) (Entered: 04/15/2025) |
| 04/15/2025 | 56 | MEMORANDUM by James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois in support of motion to dismiss 55 (Jordan, Elizabeth) (Entered: 04/15/2025) |
| 04/15/2025 | 57 | NOTICE of Motion by Elizabeth H. Jordan for presentment of motion to dismiss 55 before Honorable Sharon Johnson Coleman on 4/29/2025 at 10:00 AM. (Jordan, Elizabeth) (Entered: 04/15/2025) |
| 04/15/2025 | 58 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff and Intervenor Plaintiff to file a response to Defendants' motion to dismiss 55 by 5/6/2025. Defendants to file a reply by 5/16/2025. No appearance necessary on 4/29/2025. Oral argument on the motion to dismiss and motion for preliminary injunction is set for 5/23/2025 at 1:00 PM as in-person hearing. The Court will provide further information as to parameters of oral argument in advance of the hearing. Mailed notice. (ym) (Entered: 04/15/2025) |
| 04/22/2025 | 59 | AMENDED complaint by American Alliance For Equal Rights against James Bennett, Alexi Giannoulias *and Kwame Raoul* (Norris, Cameron) (Entered: 04/22/2025) |
| 04/23/2025 | 60 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court is in receipt of Plaintiff American Alliance For Equal Rights's amended complaint 59 . Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants' response to the amended complaint shall be filed by 5/6/2025. Oral argument on 5/23/2025 at 1:00 PM is limited to the motion for preliminary injunction. Mailed notice. (ym) (Entered: 04/23/2025) |
| 04/25/2025 | 61 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 4/30/2025 is stricken. Mailed notice. (ym) (Entered: 04/25/2025) |

| | | |
|---|---|---|
| 04/30/2025 | 62 | MOTION by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois for leave to file excess pages *in their Joint Response to Plaintiff's and Plaintiff-Intervenor's Motions for Preliminary Injunction Agreed*<br><br>(Jordan, Elizabeth) (Entered: 04/30/2025) |
| 04/30/2025 | 63 | NOTICE of Motion by Elizabeth H. Jordan for presentment of motion for leave to file excess pages, 62 before Honorable Sharon Johnson Coleman on 5/6/2025 at 10:00 AM. (Jordan, Elizabeth) (Entered: 04/30/2025) |
| 04/30/2025 | 64 | MOTION by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois for extension of time to file response/reply as to motion for preliminary injunction 44 , motion for preliminary injunction 49<br><br>(Jordan, Elizabeth) (Entered: 04/30/2025) |
| 04/30/2025 | 65 | NOTICE of Motion by Elizabeth H. Jordan for presentment of motion for extension of time to file response/reply, 64 before Honorable Sharon Johnson Coleman on 5/6/2025 at 10:00 AM. (Jordan, Elizabeth) (Entered: 04/30/2025) |
| 05/01/2025 | 66 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court grants Defendants' unopposed motion to file excess pages in their joint response to Plaintiff and Plaintiff-Intervenor's motions for preliminary injunction 62 . In light of Plaintiff's recent filing of an amended complaint and Defendants' deadline to respond to it, which runs concurrently with deadlines related to briefing of the preliminary injunction motion, the Court also grants Defendants' motion for a four-day extension of time to file a response to Plaintiff and Plaintiff-Intervenor's motions for preliminary injunction 64 . Defendants have until 5/6/2025 to file a response to Plaintiff and Plaintiff-Intervenor's motions for preliminary injunction. The Court likewise extends Plaintiff and Plaintiff-Intervenor's deadline to file replies in support of their motions for preliminary injunction through 5/15/2025. Oral argument on the motions for preliminary injunction on 5/23/2025 at 1:00 PM stands. No appearance is necessary on 5/6/2025. Mailed notice. (ym) (Entered: 05/01/2025) |
| 05/06/2025 | 67 | RESPONSE by American Alliance For Equal Rightsin Opposition to MOTION by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett to dismiss<br><br>55 (Norris, Cameron) (Entered: 05/06/2025) |
| 05/06/2025 | 68 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett<br><br>, MOTION by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett to dismiss for lack of jurisdiction<br><br>(Jordan, Elizabeth) (Entered: 05/06/2025) |
| 05/06/2025 | 69 | MEMORANDUM by James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois in support of Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 68 (Attachments: # 1 Exhibit Doe v. Young, # 2 Exhibit Judicial Watch Inc v. IL State Board of Elections, # 3 Exhibit Students for Fair Admissions Inc v. President and Fellows of Harvard College (Harvard Corp)) (Jordan, Elizabeth) (Entered: 05/06/2025) |

| 05/06/2025 | 70 | NOTICE of Motion by Elizabeth H. Jordan for presentment of Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 68 before Honorable Sharon Johnson Coleman on 5/13/2025 at 10:00 AM. (Jordan, Elizabeth) (Entered: 05/06/2025) |
|---|---|---|
| 05/06/2025 | 71 | MOTION by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to strike MOTION by Plaintiff American Alliance For Equal Rights for preliminary injunction

_44 to Strike Plaintiff's Unsworn Anonymous Declarations and Memorandum in Support_

(Attachments: # 1 Exhibit - Compiled Cases)(Berlin, Holly) (Entered: 05/06/2025) |
| 05/06/2025 | 72 | NOTICE of Motion by Holly Frances Balsley Berlin for presentment of motion to strike, 71 before Honorable Sharon Johnson Coleman on 5/13/2025 at 10:00 AM. (Berlin, Holly) (Entered: 05/06/2025) |
| 05/06/2025 | 73 | RESPONSE by James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinoisin Opposition to MOTION by Plaintiff American Alliance For Equal Rights for preliminary injunction

44 , MOTION by Intervenor Plaintiff UNITED STATES for preliminary injunction

49 (Attachments: # 1 Exhibit - Compiled Cases)(Berlin, Holly) (Entered: 05/06/2025) |
| 05/06/2025 | 74 | AMENDED complaint by UNITED STATES against All Defendants (Pinion, Hilary) (Entered: 05/06/2025) |
| 05/07/2025 | 75 | Notice of Corrected Declarations by American Alliance For Equal Rights (Attachments: # 1 Corrected declaration of Edward Blum, # 2 Corrected declaration of Officer A, # 3 Corrected declaration of Officer B)(Norris, Cameron) (Entered: 05/07/2025) |
| 05/08/2025 | 76 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court is in receipt of Defendants' motion to strike portions of Plaintiff American Alliance's motion for preliminary injunction 71 . Plaintiff American Alliance shall file a response by 5/20/2025; Defendants shall file a reply by 5/27/2025. With respect to Defendants' motion to dismiss Plaintiff American Alliance's amended complaint 68 , Plaintiff American Alliance shall file a response by 5/27/2025, and Defendants shall file a reply by 6/10/2025. Once the matter is fully briefed, the Court shall take it under advisement. Additionally, in light of Plaintiff-Intervenor's filing of an amended complaint 74 , Defendants have until 5/20/2025 to file a response to Plaintiff-Intervenor's amended complaint. No appearance necessary on 5/13/2025. As this Court's website directs, the parties must provide courtesy copies in hard copy form of all substantive and/or dispositive motions, including the corresponding legal briefs and attachments. Mailed notice. (ym) (Entered: 05/08/2025) |
| 05/08/2025 | 77 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court modifies the briefing schedule only for Defendants' motion to strike portions of Plaintiff American Alliance's motion for preliminary injunction 71 . Plaintiff American Alliance shall file a response by 5/14/2025; Defendants shall file a reply by 5/21/2025. The Court will hear oral argument on Plaintiff and Plaintiff-Intervenor's motions for preliminary injunction [44, 49], as well as on Defendants' motion to strike 71 , on 5/23/2025 at 1:00 PM. Mailed notice. (ym) (Entered: 05/08/2025) |

| 05/14/2025 | 78 | RESPONSE by American Alliance For Equal Rightsin Opposition to MOTION by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to strike MOTION by Plaintiff American Alliance For Equal Rights for preliminary injunction<br><br>*44 to Strike Plaintiff's Uns 71 (Attachments: # 1 Exhibit)(Norris, Cameron) (Entered: 05/14/2025)* |
| --- | --- | --- |
| 05/15/2025 | 79 | REPLY by Plaintiff American Alliance For Equal Rights to response in opposition to motion, 73 (Norris, Cameron) (Entered: 05/15/2025) |
| 05/15/2025 | 80 | MEMORANDUM by American Alliance For Equal Rights in Opposition to Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 68 (Norris, Cameron) (Entered: 05/15/2025) |
| 05/15/2025 | 81 | REPLY by UNITED STATES to MOTION by Intervenor Plaintiff UNITED STATES for preliminary injunction<br><br>49 , response in opposition to motion, 73 (Pinion, Hilary) (Entered: 05/15/2025) |
| 05/16/2025 | 82 | ATTORNEY Appearance for Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois by Sherief Gaber (Gaber, Sherief) (Entered: 05/16/2025) |
| 05/19/2025 | 83 | MINUTE entry before the Honorable Sharon Johnson Coleman: In light of the filing of the amended complaints 59 , 74 , defendants' motion to dismiss 55 is stricken as moot. Mailed notice. (ym) (Entered: 05/19/2025) |
| 05/19/2025 | 84 | MINUTE entry before the Honorable Sharon Johnson Coleman: With respect to the hearing scheduled for 5/23/2025 at 1:00 PM, the Court will first hear brief oral argument on Defendants' motion to strike 71 . Then, the Court will give Plaintiff, Plaintiff-Intervenor, and Defendants each 30 minutes for argument on Plaintiff and Plaintiff-Intervenor's motions for preliminary injunction [44, 49]. American Alliance and the United States will each have 10 minutes for rebuttal; Defendants will have 15 minutes for rebuttal. The Court reserves the right to award additional time. Plaintiff and Plaintiff-Intervenor are directed to inform the Court in advance of the hearing if either plans to reserve a portion of argument or rebuttal time for the other. Mailed notice. (ym) (Entered: 05/19/2025) |
| 05/20/2025 | 85 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett<br><br>, MOTION by Defendants Alexi Giannoulias, Kwame Raoul, State of Illinois, J.B. Pritzker, James Bennett to dismiss for lack of jurisdiction *Intervenor's Amended Complaint*<br><br>(Berlin, Holly) (Entered: 05/20/2025) |
| 05/20/2025 | 86 | MEMORANDUM by James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois in support of Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 85 *Intervenor's Amended Complaint* (Berlin, Holly) (Entered: 05/20/2025) |
| 05/20/2025 | 87 | NOTICE of Motion by Holly Frances Balsley Berlin for presentment of Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 85 before Honorable Sharon Johnson Coleman on 5/27/2025 at 10:00 AM. (Berlin, Holly) (Entered: 05/20/2025) |

| 05/20/2025 | 88 | ATTORNEY Appearance for Intervenor Plaintiff UNITED STATES by Abhishek Kambli (Kambli, Abhishek) (Entered: 05/20/2025) |
| 05/21/2025 | 89 | MINUTE entry before the Honorable Sharon Johnson Coleman: Intervenor Plaintiff to file a response to Defendants' motion to dismiss 85 by 6/4/2025. Defendants to file a reply by 6/11/2025. Once the matter is fully briefed, the Court shall take it under advisement. No appearance necessary on 5/27/2025. Mailed notice. (ym) (Entered: 05/21/2025) |
| 05/21/2025 | 90 | REPLY by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to motion to strike, 71 *in Support of Motion to Strike Plaintiff's Unsworn Anonymous Declarations* (Attachments: # 1 Exhibit - Unpublished Cases)(Berlin, Holly) (Entered: 05/21/2025) |
| 05/23/2025 | 91 | MINUTE entry before the Honorable Sharon Johnson Coleman: Oral arguments held on 5/23/2025 as to defendants' motion to strike plaintiff's unsworn anonymous declarations 71 , plaintiff's motion for preliminary injunction 44 , and intervenor plaintiff's motion for preliminary injunction 49 . The Court takes the matter under advisement. Mailed notice. (ym) (Entered: 05/23/2025) |
| 06/04/2025 | 92 | MEMORANDUM by UNITED STATES in Opposition to Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 85 (Pinion, Hilary) (Entered: 06/04/2025) |
| 06/10/2025 | 93 | REPLY by James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to memorandum in opposition to motion 80 (Attachments: # 1 Appendix Unpublished Cases)(Gaber, Sherief) (Entered: 06/10/2025) |
| 06/11/2025 | 94 | REPLY by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to Motion to Dismiss for Failure to State a Claim,, motion to dismiss/lack of jurisdiction, 85 , memorandum in opposition to motion 92 (Berlin, Holly) (Entered: 06/11/2025) |
| 06/20/2025 | 🔒 95 | TRANSCRIPT OF PROCEEDINGS held on 5/23/2025 before the Honorable Sharon Johnson Coleman. ORAL ARGUMENT. Order Number: 51989, 51999. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/11/2025. Redacted Transcript Deadline set for 7/21/2025. Release of Transcript Restriction set for 9/18/2025. (Mccullough, Tracey) (Entered: 06/20/2025) |
| 07/01/2025 | 96 | NOTICE by American Alliance For Equal Rights *of supplemental authority in support of opposition to motion to dismiss amended complaint (Doc.80)* (Norris, Cameron) (Entered: 07/01/2025) |
| 07/08/2025 | 97 | RESPONSE by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to notice of filing 96 *notice of supplemental authority* (Berlin, Holly) (Entered: 07/08/2025) |

| 08/05/2025 | 98 | NOTICE by American Alliance For Equal Rights *of supplemental authority in support of opposition to motion to dismiss amended complaint (Doc.80)* (Norris, Cameron) (Entered: 08/05/2025) |
|---|---|---|
| 08/12/2025 | 99 | RESPONSE by Defendants James Bennett, Alexi Giannoulias, J.B. Pritzker, Kwame Raoul, State of Illinois to notice of filing 98 *notice of supplemental authority* (Berlin, Holly) (Entered: 08/12/2025) |
| 08/20/2025 | 100 | MEMORANDUM Opinion and Order: The Court (1) grants in part and denies in part Defendants' motion to dismiss American Alliance's Amended Complaint 68 ; (2) grants Intervenor-Defendants' motion to dismiss the United States' Amended Complaint in Intervention 85 ; (3) denies Defendants' motion to strike 71 ; (4) denies American Alliance's motion for preliminary injunction 44 ; and (5) denies the United States' motion for preliminary injunction as moot 49 . The Court gives American Alliance and the United States 14 days to amend.As a final note, the Court is disappointed in American Alliance and the United States' repeated insistence that time is of the utmost essence in adjudication of the motions for preliminary injunction because Members A and B face December 2025 reporting deadlines and are, purportedly, currently incurring costs to comply with SB 2930. On the contrary, so far as this Court is aware, the Illinois Department of Human Rights has yet to publish a standardized list of demographic classifications to be used by qualifying not-for-profit organizations. With no knowledge of the relevant classifications, no qualifying not-for-profit organization could reasonably be expected to collect any demographic information at present or otherwise comply with SB 2930. Despite over 300 active civil and criminal cases on its docket, as well as several trials, this matter has required significant attention by the Court and her chambers. The parties are placed on notice that this Court will assign priority to cases and motions as appropriate. Signed by the Honorable Sharon Johnson Coleman on 8/20/2025. Mailed notice. (ym) (Entered: 08/20/2025) |
| 08/21/2025 | 101 | NOTICE of appeal by American Alliance For Equal Rights regarding orders 100 Filing fee $ 605, receipt number AILNDC-23926206. Receipt number: n (Norris, Cameron) (Entered: 08/21/2025) |
| 08/22/2025 | 102 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 101 (bi,) (Entered: 08/22/2025) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, | |
| *Plaintiff*, | |
| and | Case No. 1:25-cv-669 |
| UNITED STATES OF AMERICA, | Judge Coleman |
| *Plaintiff-Intervenor*, | |
| v. | |
| STATE OF ILLINOIS; JB PRITZKER, in his official capacity as Governor of the State of Illinois; JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and ALEXI GIANNOULIAS, in his official capacity as Secretary of State of the State of Illinois. | |
| *Defendants.* | |

### NOTICE OF APPEAL

Plaintiff, the American Alliance for Equal Rights, now appeals to the U.S. Court of Appeals for the Seventh Circuit this Court's memorandum opinion and order on August 20, 2025, which among other things denies Plaintiff's motion for a preliminary injunction. Doc.100.

1

Dated: August 21, 2025

Respectfully submitted,

/s/ Cameron T. Norris
Thomas R. McCarthy*
Cameron T. Norris**
R. Gabriel Anderson*
Marie E. Sayer*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*Admitted *pro hac vice*
**Admitted to the Northern District of Illinois

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

On August 21, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

/s/ Cameron T. Norris
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN ALLIANCE FOR, EQUAL RIGHTS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25 CV 00669 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| KWAME RAOUL, JAMES BENNETT, and ALEXI GIANNOULIAS, in their official capacities, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | ) ) | |
| STATE OF ILLINOIS, JB PRITZKER, JAMES BENNETT, KWAME RAOUL, and ALEXI GIANNOULIAS, in their official capacities, | ) ) ) ) ) | |
| Intervenor-Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

American Alliance for Equal Rights ("American Alliance") brings this action against Illinois

Attorney General Kwame Raoul, Illinois Department of Human Rights Director James Bennett, and

Illinois Secretary of State Alexi Giannoulias (collectively, "Defendants") seeking a declaration from

this Court that Senate Bill 2930, which the Illinois General Assembly passed into law, violates the First

and Fourteenth Amendments of the U.S. Constitution. The United States intervened in this action,

filing its own Complaint in Intervention against the State of Illinois, Governor Pritzker, Attorney

General Raoul, Director Bennett, and Secretary Giannoulias (collectively, "Intervenor-Defendants"), claiming that Senate Bill 2930 violates the Fourteenth Amendment.

Before the Court are Defendants' motion to dismiss American Alliance's Amended Complaint [68]; Intervenor-Defendants' motion to dismiss the United States' Amended Complaint in Intervention [85]; American Alliance and the United States' motions for preliminary injunction [44, 49], which seek to temporarily bar enforcement of Senate Bill 2930; and Defendants' motion to strike unsworn anonymous declarations from American Alliance's motion for preliminary injunction [71].

For the following reasons, the Court (1) grants in part and denies in part Defendants' motion to dismiss American Alliance's Amended Complaint; (2) grants Intervenor-Defendants' motion to dismiss the United States' Amended Complaint in Intervention; (3) denies Defendants' motion to strike; (4) denies American Alliance's motion for preliminary injunction; and (5) denies the United States' motion for preliminary injunction as moot.

## I.    Background

On June 30, 2024, Illinois Governor JB Pritzker signed into law Senate Bill ("SB") 2930. *See* 805 Illinois Compiled Statutes ("ILCS") 105/114.15. This first-of-its-kind law requires each domestic not-for-profit corporation registered in Illinois that reports grants of $1,000,000 or more to other charitable organizations[1] to "post on its publicly available website, if one exists, the aggregated demographic information of [its] directors and officers, including race, ethnicity, gender, disability status, veteran status, sexual orientation, and gender identity." 805 ILCS 105/114.15(a). Such public disclosures must be made within 30 days after the not-for-profit organization files its mandatory

---

[1] "'Charitable organization' means any benevolent, philanthropic, patriotic, or eleemosynary person or one purporting to be such which solicits and collects funds for charitable purposes . . ." 225 ILCS 460/1(a). "'Charitable purpose' means any charitable, benevolent, philanthropic, patriotic, or eleemosynary purpose." 225 ILCS 460/1(f).

AG990-IL Charitable Organization Annual Report with the Office of the Illinois Attorney General. *Id.*

SB 2930, which went into effect in January 2025, provides that, "[i]n collecting the aggregated demographic information of its directors and officers, a [not-for-profit organization] shall allow for an individual to decline to disclose any or all personal demographic information to the [not-for-profit organization]." 805 ILCS 105/114.15(c). All information disclosed is required to be accessible on the not-for-profit organization's website for at least three years after it is posted. 805 ILCS 105/114.15(a).

SB 2930 directs the Illinois Department of Human Rights to "work with community partners to prepare and publish a standardized list of demographic classifications to be used by [not-for-profit organizations] for the reporting of the aggregated demographic information of a [not-for-profit organization's] directors and officers, including race, ethnicity, gender, disability status, veteran status, sexual orientation, and gender identity." 805 ILCS 105/114.15(b). SB 2930 specifies that "[t]he Department of Human Rights shall periodically review and update the list." *Id.*

According to Defendants and Intervenor-Defendants, no standardized list of demographic classifications has yet been published. During oral argument on May 23, 2025, Defendants and Intervenor-Defendants were unable to provide the Court with a definitive timetable for their publication despite approaching fiscal period reporting deadlines, but indicated their expectation to publish the categories by the end of June 2025.[2] *See* Dkt. 95, May 23, 2025 Tr. 80:9–10; 54:11–21 ("The State is undergoing processes now to implement the law. . . [The Illinois Department of Human Rights] is in the process of communicating with stakeholders, including an organization that represents

---

[2] Although the United States asserts that reporting deadlines have already passed for not-for-profits with fiscal year-ends falling in the summer, the Court has been presented with no evidence supporting this claim. (*See* United States' Mem. in Supp. of Mot. for Prelim. Inj., Dkt. 50 at *3 ("Nonprofits whose fiscal years end in the summer or fall would have already been required, or will have soon approaching deadlines, to post the race and other demographic data.").) Indeed, as far as the Court is aware, no categories have been published by the date of this Order.

nonprofits and foundations to understand . . . the appropriate categories that the State should use, and that process is ongoing.").

American Alliance, a nationwide membership organization consisting of more than 280 members, alleges that it is dedicated to ending racial and other unlawful preferences nationwide. (Am. Compl., Dkt. 59 ¶ 6.) American Alliance initiated this action on January 21, 2025 on behalf of Member A and Member B, both of which are not-for-profit organizations registered in Illinois that contribute $1 million annually in grants to other charitable organizations. (*Id.* ¶ 23.) Members A and B will file their AG990-IL Charitable Organization Annual Report in November 2025, making their deadline to publish reported officer and director demographic information on their websites 30 days thereafter. (*Id.* ¶ 24.) American Alliance seeks a declaration that SB 2930 violates the First and Fourteenth Amendments of the U.S. Constitution.

On March 4, 2025, the United States moved to intervene based on the U.S. Attorney General certifying this case as one of "general public importance" in "seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution on account of race[.]" (Dkt. 17-1; Dkt. 17 ¶ 5.) *See also* Fed. R. Civ. P. 24(a)(1); 42 U.S.C. § 2000h-2. Neither Defendants nor Intervenor-Defendants opposed the United States' proposed intervention. (Dkt. 22.) The United States thereafter filed its Complaint in Intervention, which it later amended, alleging that SB 2930 violates the Equal Protection Clause of the Fourteenth Amendment. (Dkts. 28, 74.) American Alliance and the United States seek to preliminarily enjoin Defendants and Intervenor-Defendants, respectively, from enforcing SB 2930. (Dkts. 44, 49.)

American Alliance and the United States contend that SB 2930's disclosure requirement violates the Equal Protection Clause of the Fourteenth Amendment because it encourages covered not-for-profit organizations to consider race—rather than merit and other factors relevant to the organizations' goals and purposes—when selecting officers and directors in order to achieve some

"ideal level of proportional representation" in leadership to avoid "public shaming" for what some may see as an inadequate level of diversity. American Alliance and the United States allege that qualified candidates for officer and director positions whose race is not viewed as contributing to the overall racial diversity of a not-for-profit organization's leadership will not be hired in order to avoid "adverse consequences" for failure to have what the public may view as "sufficiently diversified leadership." Such adverse consequences include the risk of loss of partnership opportunities and being subject to criticism or harassment.

In support of its First Amendment violation claim, American Alliance alleges that SB 2930 compels covered not-for-profit organizations, including Members A and B, to confer with their officers and directors and publicly post on their websites about a host of "controversial" demographic issues, including race and gender identity, that those organizations do not wish to discuss, advertise, or endorse.

## II.    Legal Standard

A motion to dismiss for lack of subject matter jurisdiction may be made pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to establish Article III standing. *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). The plaintiff has the burden of establishing standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). In the context of a facial challenge to subject matter jurisdiction, the Court "does not look beyond the allegations in the complaint" to assess whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, *id.*, and "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per

curiam).  A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).  A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

A preliminary injunction is an extraordinary remedy that is never awarded as a matter of right. *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017).  To obtain a preliminary injunction, the moving party has the burden to demonstrate that (1) it has some likelihood of success on the merits, (2) traditional legal remedies would be inadequate, and (3) without such relief, it will suffer irreparable harm. *Valencia v. City of Springfield,* 883 F.3d 959, 965 (7th Cir. 2018).  If these elements are met, the court "proceeds to the balancing phase of the analysis," during which it "weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.* at 966 (quoting *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of United States of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)).  The court should also, where appropriate, consider any effects that granting or denying a preliminary injunction would have on nonparties, or the public interest. *Id.*  When ruling on a preliminary injunction, "all of the well-pleaded allegations [in the movant's] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true." *Elrod v. Burns*, 427 U.S. 347, 350 n.1, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976).

## III. Discussion

### A. Defendants' Motion to Dismiss American Alliance's Amended Complaint

Defendants move to dismiss American Alliance's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

#### 1. Standing

Defendants challenge American Alliance's standing on two grounds. First, Defendants argue that American Alliance has not established associational standing because it fails to identify by name any member of its organization that would otherwise have standing to sue in its own right. Second, Defendants contend that American Alliance has not demonstrated injury-in-fact for either its First Amendment or Fourteenth Amendment claim.

##### a. Associational Standing

The question of whether a plaintiff has standing within the meaning of Article III of the Constitution is a threshold issue that must be addressed before turning to the merits. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016). To establish standing, a plaintiff must show that it has "(1) suffered an [actual or imminently threatened] injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). The alleged injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (quoting *Defenders of Wildlife*, 504 U.S. at 560). A harm is particularized when it "affect[s] the plaintiff in a personal and individual way." *Defenders of Wildlife*, 504 U.S. at 559 n.1. The standing doctrine ensures that a plaintiff has "'alleged

7

such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Federal Election Comm'n*, 554 U. S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) (quoting *Friends of the Earth, Inc.*, at 185) (internal quotation marks omitted).

Associational standing permits an organization to initiate a lawsuit on behalf of its members "even without a showing of injury to the association itself." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1008 (7th Cir. 2021) (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552, 116 S. Ct. 1529, 134 L. Ed. 2d 758 (1996)). An organization suing on behalf of its members must show that "(a) at least one of its members would have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members." *Id.* (quoting *Hunt v. Wash. State Apple Advert. Com'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)) (internal quotations omitted).

Defendants challenge the first factor, asserting that American Alliance fails to name a litigant who would have standing to sue in its own right. Relying almost entirely on *Summers v. Earth Island Institute*, Defendants argue that American Alliance's use of pseudonyms to identify "Member A" and "Member B," on behalf of whom American Alliance brings this action, is insufficient to confer associational standing.

In *Summers*, the Supreme Court reiterated that an organizational plaintiff seeking to invoke associational standing must "make specific allegations establishing that at least one identified member had suffered or would suffer harm." 555 U.S. 488 at 498. The Supreme Court held that the plaintiffs, environmental organizations that sought to preliminarily enjoin enforcement of certain regulations,

lacked standing because they failed to identify any specific member who had suffered the requisite harm. Instead, the plaintiffs relied on purported harm to organizational membership generally, as well as an affidavit from one of their members, Jim Bensman, claiming past injuries unrelated to the challenged regulations and speculative future injury. *Id.* at 495–96.

*Summers* turned on the "absence of any showing of concrete injury," not on the organizational plaintiffs' failure to identify any of their members by name. *Id.* at 497 (quoting *Defenders of Wildlife*, 504 U.S. at 580–81 (Kennedy, J., concurring in part and concurring in judgment)). Indeed, this Court has not found a single case holding that an organization seeking to invoke associational standing must not only identify in its complaint a specific member with standing, but also divulge the member's real name.[3] *See, e.g.*, *Am. All. for Equal Rights v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 773 (11th Cir. 2024); *Students for Fair Admissions v. U.S. Mil. Acad. at W. Point*, 709 F. Supp. 3d 118, 131–32 (S.D.N.Y. 2024); *Students for Fair Admissions v. United States Naval Acad.*, 707 F. Supp. 3d 486, 501 (D. Md. 2023). Rather, the existing body of case law successfully challenging the propriety of proceeding pseudonymously involves instances in which a *party* sought to litigate anonymously. *See, e.g.*, *Doe v. Young*, 2025 WL 927320, at *2–*3 (7th Cir. Mar. 27, 2025).

To be clear, this Court has its doubts about whether an organizational plaintiff *should* be able to mask the true identity of its injured members on whom it alleges Article III standing rests without

---

[3] The majority (if not all) of these types of cases involving challenges to the anonymity of organizational members have been brought by American Alliance and Students for Fair Admissions, both membership organizations with shared leadership purportedly dedicated to ending racial and ethnic classifications and preferences in this country through litigation. *See, e.g.*, *Students for Fair Admissions v. United States Naval Acad.*, 707 F. Supp. 3d 486, 491 (D. Md. 2023) (noting the plaintiff's self-described mission of "support[ing] and participat[ing] in litigation that will restore the original principles of our nation's civil rights movement: *A student's race and ethnicity should not be factors that either harm or help that student to gain admission to a competitive university*") (emphasis in original). The Court notes the apparent general strategy by these organizations to shield the identity of their members on behalf of whom they bring these lawsuits. Indeed, American Alliance's website, which offers a lifetime membership for $10, promises that "[t]he identities of our members will never be disclosed." About Us, *American Alliance for Equal Rights*, available at https://americanallianceforequalrights.org/about/.

demonstrating that the balance of potential harms (*e.g.*, status as a minor, substantial risk of harm or retaliation from a third party) justifies anonymization. *See id.* at 2 (holding that a plaintiff "may not proceed anonymously merely to avoid reputational damage or embarrassment"). In any event, no such balancing test currently exists in this context, and *Summers* does not compel this Court to hold as much.

### b. Injury-In-Fact

The Court now turns to Defendants' argument that American Alliance lacks standing because Member A and Member B's alleged impending injuries—the *collection* of voluntarily-provided demographic information and *posting* of aggregated responses on their websites—do not rise to the level of a cognizable injury-in-fact.

### i. Online Publication

*First*, Defendants assert that because, "under Illinois law, an organization and its board are one and the same," the demographic information that not-for-profit organizations are required to solicit from their officers and directors is the organization's "*own* data[.]" (Dkt. 69 at **8–9.) But Defendants' reliance on *Willmschen v. Trinity Lakes Improvement Association*, 362 Ill. App. 3d 546 (Ill. App. Ct. 2005), the sole case Defendants cite to support this assertion, is misplaced. That case said nothing about a corporation's right to collect data from its board members, but rather addressed whether Illinois law permits a plaintiff to sue a corporation's board of directors as a collective entity, separate and distinct from the corporation. *Id.* at 551–52. Moreover, from a practical standpoint, the conclusion Defendants urge this Court to reach—that *any* information held by an organization's officers and directors, including private, personal information, correspondingly belongs to the organization—is ridiculous and would have sweeping, and frankly perilous, implications. That stance is untenable.

*Second*, Defendants argue that the alleged injury stemming from posting aggregated demographic information is conjectural and hypothetical, not actual or imminent, because SB 2930 makes it *optional* and *voluntary* for officers and directors to disclose their demographic information. Defendants claim that "if the directors and officers provide no such information, then the statute does not require the organizations to post anything at all on their websites, and there is no injury to the anonymous organizations." (Dkt. 69 at *9.) American Alliance responds that even if every officer and director of Member A and Member B declined to disclose any and all information, SB 2930 still requires Members A and B to make a posting on their websites regarding their *lack* of collected information, "by, for example, reporting that 100% of [their] officers and directors are [sic] 'prefer not to say' for each category." (Dkt. 80 at *4.) American Alliance also argues that the Amended Complaint's allegations that most of Members A and B's officers and directors "will answer" questions about their demographic information—which American Alliance contends must be accepted as true at the motion to dismiss stage—are sufficient to establish injury-in-fact. (Am. Compl., Dkt. 59 ¶ 35.)

In the past fifteen or so years, the Supreme Court has established that, where no actual injury is alleged, a plaintiff may establish injury-in-fact by demonstrating that a future, threatened injury is "certainly impending"—in other words, imminent. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013) (quoting *Defenders of Wildlife*, 504 U.S. at 564 n.2). Imminence requires a showing that "there is a substantial risk that the harm will occur." *Dep't of Com. v. New York*, 588 U.S. 752, 767, 139 S. Ct. 2551, 2565, 204 L. Ed. 2d 978 (2019) (quoting *Susan B. Anthony List v. Driehaus*, 573 U. S. 149, 158, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014)). The Supreme Court has stated that, "[o]ur cases do not uniformly require plaintiffs to demonstrate that it is literally certain that the harms they identify will come about. In some instances, we have found standing based on a 'substantial risk' that the harm will occur, which may prompt plaintiffs to reasonably incur costs to mitigate or avoid that harm." *Clapper*, 568 U.S. at 414 n.5. Still, a plaintiff is neither permitted to rely

11

on a "highly attenuated chain of possibilities," *id.* at 410, nor on speculation about "'the unfettered choices made by independent actors not before the courts.'" *Id.* at 414 n.5 (quoting *Defenders of Wildlife*, 504 U.S., at 562).

The Court finds that American Alliance has failed to demonstrate the imminence of any purported future harm to Members A and B resulting from the posting of demographic information on their websites. SB 2930 gives officers and directors the voluntary option to disclose or decline to disclose personal identifying information. On its face, SB 2930's plain language suggests that a covered not-for-profit organization is required to post on its website only the aggregated demographic information it actually collects. *See* 805 ILCS 105/114.15 (a) & (c). Nothing in SB 2930 appears to explicitly require an organization to post anything on its website if it does not receive *any* demographic information from its officers and directors. It follows that a not-for-profit organization whose officers and directors provide no demographic information can suffer no injury directly tied to actual posting.

American Alliance has made no allegation that Members A and B have received demographic information that they now are obligated to aggregate and post on their websites. Instead, American Alliance relies on speculations that Members A and B *will* face imminent harm as a result of being required to post because "[m]ost officers and directors will answer" the demographic questions posed to them. (Am. Compl., Dkt. 59 ¶ 35.) It surmises:

> Most officers and directors will answer because their nonprofit is asking and they are good team players. Women, the disabled, veterans, and other minorities will feel obligated to answer because, as fiduciaries of the organization, they do not want to harm the nonprofit by making it appear discriminatory, not inclusive, or not "diverse." Others will answer to avoid the assumptions that come with declining to answer demographic questions, like with "sexual orientation." And the law's very purpose rests on the assumption that officers and directors will answer these questions. If Illinois thought the law would not reliably reveal information about the demographics of nonprofits, then it would irrationally burden nonprofits for no purpose whatsoever.

(*Id.*)

12

It is true that "when standing is challenged on the basis of the pleadings, [the Court] 'accept[s] as true all material allegations of the complaint, and . . . construe[s] the complaint in favor of the complaining party.'" *Pennell v. San Jose*, 485 U.S. 1, 7, 108 S. Ct. 849, 99 L. Ed. 2d 1 (1988) (quoting *Warth*, 422 U. S. at 501). But American Alliance's statements about how it believes officers and directors generally, or even the officers and directors of Members A and B, will conduct themselves are unsupported by underlying factual allegations and instead rely on generalizations amounting to "unadorned speculation." *Id.* at 8. The Court is "not obligated to accept 'sheer speculation, bald assertions, and unsupported conclusory statements' on a motion to dismiss." .*Lanahan v. Cnty. of Cook*, 41 F.4th 854, 862 (7th Cir. 2022) (quoting *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020)).

Indeed, declarations submitted by the Chief Executive Officer of Member A (signed "Officer A") and Chairman of Member B (signed "Officer B") attest that each of the member organizations, "its board, its staff, and I do not want to be forced to promote these messages," including ones that "will make users think that [the organization] endorses controversial concepts like race-based employment practices and proportional representation." (Dkt. 44-2 ¶ 9; Dkt. 44-3 ¶ 9; Dkt. 75-2 ¶ 9, Dkt. 75-3 ¶ 9.) If the Court were to incorporate these declarations by reference, and thus view the statements therein as true, the Court might deduce that Members A and B face no real prospect or substantial risk of disclosure, and thus no cognizable injury based on disclosure at all, because their officers and directors do not intend to disclose any demographic information about themselves. Although American Alliance does not need to show literal certainty that Members A and B will be required to publish demographic information on their websites, it has not alleged facts plausibly establishing that the risk of being required to post is imminent. The purported injury American Alliance puts forth based on the prospect of being required to post demographic information relies

on actions by independent actors (*i.e.*, officers and directors) that may never materialize. *See Clapper*, 568 U.S. at 414, 414 n.5. Such harm is too speculative for Article III purposes.[4]

American Alliance's equal protection challenge hinges on online publication of officer and director demographic information. "By forcing charities to publicize the demographics of their senior leadership," it claims, "the law pushes them to hire candidates based on race. Groups whose posted demographics are perceived as insufficient will be subjected to 'public shaming' by activist groups and other members of the public . . . So nonprofits will start discriminating to avoid that type of harassment." (Am. Compl., Dkt. 59 at ¶ 45.) Based on the Court's reading of the Amended Complaint, American Alliance does not contend that Member A and B's *collection* of demographic information from their officers and directors, alone (*i.e.*, absent online publication), poses a threat of injury rooted in the Fourteenth Amendment. Therefore, American Alliance's failure to sufficiently plead injury-in-fact as it relates to public disclosure necessitates dismissal of its Fourteenth Amendment claim for lack of Article III standing. Additionally, American Alliance lacks standing to proceed on its First Amendment claim as it relates to public disclosure.

The Court does not suggest that a plaintiff could not, at present, sufficiently show injury-in-fact as it relates to publication. In particular, the Court recognizes that SB 2930 may have the effect of altering the behavior of covered not-for-profit organizations *now*. *See Owner-Operator Indep. Drivers Ass'n v. Fed. Motor Carrier Safety Admin.*, 656 F.3d 580, 586 (7th Cir. 2011) (rejecting argument that injury was speculative where rule at issue "aim[ed] to alter truck drivers' behavior now to avoid a

---

[4] American Alliance also argues that its diversion of resources (*i.e.*, time and money) to comply with SB 2930 is enough to satisfy the injury-in-fact requirement. First, for the reasons previously discussed, any purported spending to comply with SB 2930's disclosure requirement is speculative. Second, because nothing in SB 2930 requires not-for-profit organizations to interview employees, as the Amended Complaint alleges, (Am. Compl., Dkt. 59 ¶ 7), allegations about time and money that may be spent on interviewing staff cannot form the basis for injury-in-fact. *See Prop. Cas. Insurers Ass'n of Am. v. Todman*, 725 F. Supp. 3d 810, 826 (N.D. Ill. 2024) (Pallmeyer, J.) ("[A] plaintiff cannot claim standing to challenge a regulation based on a misreading of what that regulation permits or requires[.]").

remedial directive in the future"). But the Amended Complaint, as currently pleaded, does not allege that Members A or B, specifically, currently feel or will feel pressured by SB 2930's disclosure requirements to consider race or other non-merit-based characteristics in their officer and director hiring decisions. As a result, American Alliance has not established that either Member A or Member B have standing to sue in their own right as it relates to any alleged injury based on public disclosure.

*ii.    Collection*

American Alliance sufficiently alleges that Members A and B will be imminently harmed by asking their officers and directors "intrusive questions" about sensitive demographic issues that Members A and B would rather not discuss. (Am. Compl., Dkt. 59 ¶¶ 26–27.) Although the Illinois Department of Human Rights has not yet published its list of identity classifications, it is well-established that a court may entertain a pre-enforcement challenge. *See, e.g.*, *Anheuser-Busch, Inc. v. Schnorf*, 738 F. Supp. 2d 793, 800 (N.D. Ill. 2010) (Dow, Jr., J.) ("[W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat — for example, the constitutionality of a law threatened to be enforced[.]") (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)). The Amended Complaint alleges that Members A and B "don't want to talk about any of that information [regarding sensitive demographic issues] . . . [including] with their staff . . ." (Am. Compl., Dkt. 59 ¶ 27.) At the pleading stage, these allegations are sufficient to show that Members A and B will suffer an imminent injury-in-fact as a result of their collection of demographic information. Such alleged injury is fairly traceable to the implementation of SB 2930 and could be redressed by an injunction. *See Spokeo*, 578 U.S. at 338.

### 2.    *Secretary Giannoulias as a Proper Defendant*

Next, the Court addresses Defendants' contention that Secretary Giannoulias lacks the requisite connection to SB 2930's enforcement to be a proper defendant to this suit.

A state official may be sued in his official capacity when a plaintiff seeks to enjoin an allegedly unconstitutional statute. *Entm't Software Ass'n v. Blagojevich*, 469 F.3d 641, 644 (7th Cir. 2006). In such cases, the Supreme Court has held that, "such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 52 L. Ed. 714 (1908). "Any official with enforcement power – even if shared with others – satisfies the 'some connection' standard." *Eason v. Pritzker*, 2020 WL 6781794, at *8 (N.D Ill. Nov. 18, 2020) (Seeger, J.). The Court looks to the state official's "duties and powers under state law" to determine whether the official has some enforcement power over the challenged statute. *Ruiz v. Pritzker*, 2024 WL 1283703, at *2 (N.D. Ill. Mar. 26, 2024) (Blakey, J.) (citing *Sherman v. Cmty. Consol. Sch. Dist. 21*, 980 F.2d 437, 441 (7th Cir. 1992)).

Defendants challenge whether Secretary Giannoulias is a proper defendant. First, Defendants argue that SB 2930 assigns the Illinois Secretary of State no enforcement or regulatory role as it relates to the statute. Second, they contend that the Illinois Secretary of State's "power 'to administer'" the General Not-For-Profit Corporations Act, 805 ILCS 105/101.05, is of no importance, given that SB 2930 requires no administration by the State. Defendants claim that, as a result, the harm American Alliance alleges is neither traceable to any actions or duties of the Illinois Secretary of State nor redressable by an injunction prohibiting the Illinois Secretary of State from enforcing SB 2930. (Dkt. 69 at *15; Dkt. 86 at *11.)

At this stage in the litigation, the Court sees no compelling reason to dismiss Secretary Giannoulias. Illinois law gives the Illinois Secretary of State broad authority to promulgate rules and regulations to assist in the efficient administration of various statutes, including SB 2930. *See, e.g.*, 805 ILCS 105/101.55 ("The Secretary of State shall have the power to promulgate, amend or repeal rules and regulations deemed necessary to efficiently administer this Act."); 805 ILCS 105/101.05 ("The

Secretary of State shall have the power and authority reasonably necessary to administer this Act efficiently and to perform the duties therein imposed."). That authority appears to include prescribing how SB 2930 should be interpreted and applied.

In addition, the Illinois Secretary of State is authorized to play an enforcement role in a more conventional sense: he may propound interrogatories to ascertain whether covered not-for-profit organizations have complied with SB 2930 and "shall certify to the Attorney General . . . all interrogatories and answers thereto which disclose a violation of any of the provisions of [the General Not-For-Profit Corporations Act]," which includes SB 2930. 805 ILCS 105/101.35. At the present juncture, this is more than enough to show that Secretary Giannoulias has "some connection" with the enforcement of SB 2930.

### B. Intervenor-Defendants' Motion to Dismiss the United States' Amended Complaint in Intervention

#### 1. Standing

Next, the Court turns to whether the United States has standing as an intervenor of right. "For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439, 137 S. Ct. 1645, 198 L. Ed. 2d 64 (2017). Accordingly, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Id.* (citing United States' *amicus curiae* brief taking the position that an intervenor must demonstrate its own standing if it "seek[s] damages" or "injunctive relief that is broader than or different from the relief sought by the original plaintiff(s)"). Although the United States may proceed as a party plaintiff in certain circumstances even if the original plaintiff disappears, it must in such circumstances establish its own standing. *See, e.g., Summers*, 555 U.S. at 497 ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.")

While the United States may seek the same *form* of injunctive relief as American Alliance, it seeks to enjoin two additional defendants—the State of Illinois and Illinois Governor JB Pritzker. Thus, the United States' requested relief is both broader than and different from the relief sought by American Alliance, and the United States, as intervenor, must establish its own Article III standing.

The United States insists that it has standing because it represents its citizens as *parens patriae* to enforce constitutional rights under the Equal Protection Clause. Intervenor-Defendants do not respond to this point, merely retorting that the United States "has not shown injury to the general welfare that would be sufficient to give the United States a standing in court." (Dkt. 86 at *7 (omitting internal citations).)

First, the United States cites only dicta and non-precedential out-of-circuit opinions for the proposition that it may invoke *parens patriae* in seeking to uphold a sovereign interest in preventing violations of its citizens' constitutional rights. *See, e.g.*, *La Union del Pueblo Entero v. Abbott*, 604 F. Supp. 3d 512 (W.D. Tex. 2022); *United States v. Texas*, 566 F. Supp. 3d 605 (W.D. Tex. 2021). This Court is neither bound, nor persuaded, by the opinions in these cases.

Second, the Court cannot ignore the "indispensable" element of injury-in-fact to establish Article III standing. *Defenders of Wildlife*, 504 U.S. at 561. The judicial power of the United States extends only to "Cases" and "Controversies." U.S. Const. Art. III, § 2; *see Clapper v. Amnesty Int'l USA*, 568 U. S. 398, 408, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013). The Court has been presented with no binding authority stating that, where there is no case or controversy, the mere fact that the United States is a party is sufficient to bestow standing. And under current Article III standing jurisprudence, the United States has failed to allege injury-in-fact.[5]

---

[5] For example, the United States does not allege that SB 2930 interferes with certain activities carried out by the federal government. *See, e.g.*, *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164–65 (10th Cir. 1996) (reversing district court's dismissal based on standing where the United States sufficiently alleged that two professional ethics rules governing all attorneys practicing in Colorado interfered with federal prosecutors' conduct in criminal proceedings and changed the nature of the

Accordingly, the Court finds it proper to grant Defendants' motion to dismiss the United States' Amended Complaint in Intervention for lack of standing.

### C. Defendants' Motion to Strike

Before resolving American Alliance's motion for preliminary injunction, the Court finds it necessary to first resolve Defendants' motion to strike. In support of its motion for preliminary injunction, American Alliance filed two declarations by anonymous declarants, "Officer A," the Chief Executive Officer of Member A, and "Officer B," the Chairman of Member B. The declarations, neither of which were notarized, were signed using aliases and do not contain language verifying under penalty of perjury that the contents therein are "true and correct," as required by 28 U.S.C. § 1746. *See Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838, 841–42 (N.D. Ill. 2010) (Aspen, J.). Defendants moved to strike these declarations from the record on May 6, 2025. (Dkt. 71.)

The following day, on May 7, 2025, American Alliance filed amended declarations, having "corrected" the "accidental omission" in its original declarations by inserting language attesting under penalty of perjury to the truth and accuracy of the statements. (Dkt. 78 at *2; *see* Dkt. 75.) Given that Defendants do not dispute that these amended declarations comport with statutory requirements, and in light of American Alliance's swift effort to amend (albeit without leave of Court), the Court finds that Defendants have not been prejudiced and sees no good reason to strike either the original or amended declarations of Officers A or B. Therefore, Defendants' motion to strike is denied. *See BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 876 F. Supp. 2d 1042, 1045 n.2 (N.D. Ind. 2012) (dismissing motion to strike unsworn declarations as moot where nonmovant amended timely filed original declaration to add penalty of perjury language).

---

federal grand jury in Colorado); *Sanitary Dist. of Chicago v. United States*, 266 U.S. 405, 425, 45 S. Ct. 176, 69 L. Ed. 352 (1925) (holding that the United States had Article III standing where local government agency's withdrawal of water from Lake Michigan impacted the navigability of the Great Lakes and obstructed interstate and foreign commerce and the federal government's ability to carry out treaty obligations to foreign countries bordering the Lakes).

D. *American Alliance's Motion for Preliminary Injunction*

American Alliance contends in its motion for preliminary injunction that it is likely to succeed on the merits of its First Amendment claim. But all of its arguments—including that SB 2930 fails strict scrutiny because (a) the State of Illinois's interests in public transparency and diversity are not compelling and (b) SB 2930 is not narrowly tailored—focus on the statute's requirement to *disclose* demographic information. The Court, having concluded above that American Alliance lacks standing as it relates to its purported injuries stemming from public disclosure (*i.e.*, online publication), has been presented with no argument or case law indicating that American Alliance has some likelihood of success on the merits for its First Amendment claim based on the *collection* of demographic information alone. Similarly, American Alliance's arguments regarding irreparable harm concern the *disclosure* of private, confidential information, not the collection thereof. (Dkt. 44 at **14–15.)

Because American Alliance has demonstrated neither some likelihood of success on the merits for its First Amendment claim based on the collection of demographic information nor how it will be irreparably injured if an injunction is not entered, the Court need not address the possibility of serious adverse effects on others or whether an injunction is in the public interest. *See Kolz v. Board of Education*, 576 F.2d 747, 749 (7th Cir. 1978). The Court denies American Alliance's motion for a preliminary injunction.

## IV. Conclusion

For the foregoing reasons, the Court (1) grants in part and denies in part Defendants' motion to dismiss American Alliance's Amended Complaint [68]; (2) grants Intervenor-Defendants' motion to dismiss the United States' Amended Complaint in Intervention [85]; (3) denies Defendants' motion to strike [71]; (4) denies American Alliance's motion for preliminary injunction [44]; and (5) denies the United States' motion for preliminary injunction as moot [49]. The Court gives American Alliance and the United States 14 days to amend.

As a final note, the Court is disappointed in American Alliance and the United States' repeated insistence that time is of the utmost essence in adjudication of the motions for preliminary injunction because Members A and B face December 2025 reporting deadlines and are, purportedly, currently incurring costs to comply with SB 2930. On the contrary, so far as this Court is aware, the Illinois Department of Human Rights has yet to publish a standardized list of demographic classifications to be used by qualifying not-for-profit organizations. With no knowledge of the relevant classifications, no qualifying not-for-profit organization could reasonably be expected to collect any demographic information at present or otherwise comply with SB 2930. Despite over 300 active civil and criminal cases on its docket, as well as several trials, this matter has required significant attention by the Court and her chambers. The parties are placed on notice that this Court will assign priority to cases and motions as appropriate.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 8/20/2025