IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>    Plaintiff,<br><br> v.<br><br>KWAME RAOUL, Attorney General of the State of Illinois; JAMES BENNETT, Director of the Illinois Department of Human Rights; and ALEXI GIANNOULIAS, Secretary of State of the State of Illinois,<br><br>    Defendants,<br> v.<br><br>UNITED STATES OF AMERICA<br><br>    Plaintiff-Intervenor. | Case No. 1:25-cv-669<br>Hon. Sharon Johnson Coleman |

**JOINT STIPULATION TO STAY ENFORCEMENT OF SB 2930
AGAINST MEMBERS A AND B DURING PLAINTIFF'S APPEAL
OF THE DENIAL OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff American Alliance for Equal Rights and Defendants Kwame Raoul, Attorney General of the State of Illinois; James Bennett, Director of the Illinois Department of Human Rights; and Alexi Giannoulias, Secretary of State of the State of Illinois, (collectively "the parties") hereby stipulate to stay enforcement of 805 ILCS 105/114.15, also referred to as SB 2930, against Members A and B until Plaintiff's motion for preliminary injunction has been finally resolved. The parties agree and stipulate as follows:

1. To date, American Alliance for Equal Rights ("AAER") has claimed associational standing based on two of its members, Member A and Member B. AAER asserts that

1

Member A and Member B meet the criteria to be subject to the requirements in 805 ILCS 105/114.15.

2. On or about July 28, 2025, the Illinois Department of Human Rights (IDHR) published on its publicly available website "the standardized list of demographic classifications to be used by corporations for the reporting of the aggregated demographic information of a corporation's directors and officers, including race, ethnicity, gender, disability status, veteran status, sexual orientation, and gender identity." 805 ILCS 105/114.15(b); *see Posting Standards for Charitable Corporations re. Public Act 103-0635*, Ill. Dep't of Human Rights, www.dhr.illinois.gov/legal/posting-standards-for-charitable-corporations-re-public-act-103.html. AAER asserts that it and Members A and B did not discover the publication of these subcategories on the IDHR website until August 21, 2025. AAER asserts that, without a preliminary injunction, Members A and B would file their AG990-IL reports in November 2025; send their directors and officers the Department's standardized list of demographic classifications on the same day; and make any required posts on their public websites by December 2025.

3. AAER intends to appeal this Court's denial of its preliminary injunction motion.

4. Given that the Court has not had the opportunity to consider the recently published subcategories, and in an effort to promote judicial efficiency and to permit the issues in litigation to be adjudicated fully, Defendants—to the extent they are empowered to enforce SB 2930—agree to stay the propounding of interrogatories or enforcement of SB 2930 against Members A and B until AAER's motion for preliminary injunction has been finally resolved. Notwithstanding this agreement, Defendant Illinois

Secretary of State maintains its argument that it has no power to enforce SB 2930.

5. AAER, in turn, agrees to refrain from filing an injunction pending appeal or from seeking or supporting an expedited briefing schedule or argument on the interlocutory appeal at the Court of Appeals for the Seventh Circuit or the Supreme Court. Defendants' agreement to this Stipulation is conditioned on the understanding that the Plaintiff-Intervenor will not file an injunction pending appeal or seek an expedited briefing schedule or argument on interlocutory appeal at the Court of Appeals for the Seventh Circuit or the Supreme Court.

6. The parties define "finally resolved" as a denial or partial denial of AAER's motion for a preliminary injunction that, on interlocutory appeal, is affirmed by the Seventh Circuit and either affirmed by the Supreme Court or not reviewed by the Supreme Court because certiorari is denied or the time to seek certiorari expires.

7. AAER stipulates that Members A and B will notify counsel for AAER if Defendants attempt to enforce or propound interrogatories specifically directed to Members A and B's noncompliance with SB 2930 during the pendency of this stipulation. AAER further stipulates that its counsel will inform counsel for the Defendants that action has been initiated against Member A or B. Otherwise, Members A and B will remain anonymous.

8. If Defendants confirm Members A or B have been the target of enforcement action during the pendency of this stipulation, Defendants agree to reverse, withdraw, or otherwise cancel the relevant action taken by their agents or agencies.

9. The parties so stipulate.

Respectfully submitted,

Dated: August 27, 2025

*/s/ Karyn L. Bass Ehler*
Karyn L. Bass Ehler
Elizabeth H. Jordan
Holly F.B. Berlin
Sherif Gaber
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
karyn.bassehler@ilag.gov
elizabeth.jordan@ilag.gov
holly.berlin@ilag.gov
sherif.gaber@ilag.gov

*Counsel for Defendants*

Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy*
 (VA Bar No. 47154)
Cameron T. Norris**
 (TN Bar No. 33467)
R. Gabriel Anderson*
 (TX Bar No. 24129302)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com

*pro hac vice
**member of the Northern District of Illinois

*Counsel for Plaintiff American Alliance for Equal Rights*

4