IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, *Plaintiff*, and UNITED STATES OF AMERICA, *Plaintiff-Intervenor*, v. STATE OF ILLINOIS; JB PRITZKER, in his official capacity as Governor of the State of Illinois; JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and ALEXI GIANNOULIAS, in his official capacity as Secretary of State of the State of Illinois. *Defendants*. | Case No. 1:25-cv-669 Judge Coleman |

**UNOPPOSED MOTION TO STAY ALL
DISTRICT-COURT PROCEEDINGS PENDING APPEAL**

This Court should stay all district-court deadlines and proceedings in this case, including the deadlines to amend the complaints, while the interlocutory appeals from the denials of the motions for preliminary injunction are resolved. That stay should end after both interlocutory appeals are finally resolved—meaning the later of the Seventh Circuit's issuance of the mandates or the Supreme Court's resolution of any certiorari petitions. The time to amend the complaints should also be tolled during the stay, such that the Alliance and the United States have 14 days from the time the stay is lifted to amend their complaints. The United States consents to this relief, and Defendants do not oppose it.

Good cause exists:

1

1. On August 20, 2025, this Court denied the Alliance's and United States' motions for a preliminary injunction and partially granted Defendants' motions to dismiss. Doc.100 at 20. The United States' complaint in intervention was dismissed in full, while the Alliance's complaint was partially dismissed. The Court gave the Alliance and the United States 14 days to amend their complaints, or until September 3, 2025. Doc.100 at 20.

2. The Alliance appealed the denial of its preliminary injunction on August 21. Doc.101. The United States appealed the denial of its preliminary injunction on August 25. Doc.104. Yesterday, the Alliance and Defendants reached a nonenforcement agreement. Doc.108.

3. All deadlines and proceedings in this Court should be stayed while the parties litigate the interlocutory appeals. *E.g.*, *AAER v. Fearless Fund*, Doc.124, No. 23-3424 (N.D. Ga. 2023) (staying district-court proceedings pending an interlocutory appeal from the denial of a preliminary injunction); *Alabama v. Cardona*, Doc.81, No. 24-00533 (N.D. Al. 2024) (same).

4. Federal courts have "'the power to stay [their] proceedings.'" *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). When they exercise that power, courts ask if a stay would "unduly prejudice" the non-moving party, "simplify the issues," or "reduce the burden of litigation." *Ozinga v. U.S. DHS*, 2013 WL 12212731, at *1 (N.D. Ill. Aug. 14); *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3). All three factors support a stay here.

5. A stay will not cause "prejudice" because no party opposes it. *Ozinga*, 2013 WL 12212731, at *1. All benefit from avoiding duplicative litigation and getting the Seventh Circuit's guidance. Defendants—to the extent they are empowered to enforce SB 2930—agreed to stay the propounding of interrogatories or enforcement of SB 2930 against (anonymous) Members A and B until AAER's motion for preliminary injunction has been finally resolved. Notwithstanding this

2

agreement, Defendant Illinois Secretary of State maintains its argument that it has no power to enforce SB 2930. Doc.108.

6. A stay could simplify "the issues in question." *Ozinga,* 2013 WL 12212731, at *2. The appeals will address "issues at the heart of this case." *Id*. The Seventh Circuit's decision could thus "be material to, and potentially dispositive of, the issues raised here," *id*., which could narrow or eliminate any "remaining issues" this Court must address, *Tap Pharm. Prods.*, 2004 WL 422697, at *2. Staying the case—and waiting for the Seventh Circuit to decide the interlocutory appeals—could "streamline this case" by "provid[ing] valuable guidance to this Court" about how to proceed. *Ozinga,* 2013 WL 12212731, at *2; *see Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (observing that this is "an excellent" reason to stay the district-court proceedings).

7. For similar reasons, a stay will "promote judicial economy" and "avoi[d] duplicative litigation." *Ozinga,* 2013 WL 12212731, at *2. Staying the case could "eliminate the need" for excess litigation, thus "reduc[ing] the burden of litigation on both the parties and this court." *GE Bus. Fin. Servs. Inc. v. Spratt*, 2009 WL 1064608, at *2 (N.D. Ill. Apr. 20); *see also Tap Pharm. Prods., Inc.*, 2004 WL 422697, at *2. Absent a stay, the Alliance would amend its complaint, and Defendants would likely move to dismiss that amended complaint. Instead of resolving that motion and potentially mooting the interlocutory appeals, the Court and the parties will be better served by amending complaints and litigating motions to dismiss with the benefit of the Seventh Circuit's guidance. And if the case went forward to discovery, it would go forward without the United States given its current dismissal—a situation that risks duplicative proceedings if the United States gets that dismissal reversed on appeal. "The better approach" is to stay the case and "await the Seventh Circuit's guidance." *Ozinga*, 2013 WL 12212731, at *2.

8. The stay should also freeze the deadlines to amend the complaints, moving that deadline to 14 days after the stay is lifted. Absent a stay, the Alliance would file an amended complaint by the current deadline of September 3. *See* Doc.100 at 20. Among other things, that amended complaint would explain that—on or about July 28, 2025—the Illinois Department of Human Rights promulgated the demographic subcategories for nonprofits to use. *Posting Standards for Charitable Corporations re. Public Act 103-0635*, Ill. Dep't of Human Rights, www.dhr.illinois.gov/legal/posting-standards-for-charitable-corporations-re-public-act-103.html. The amended complaint would explain how those sub-categories impact the Alliance's claims. The amended complaint would also allege that nonprofits have begun posting demographic information on their websites. And it would explain how—had Defendants not agreed to give Members A and B a stay, to the extent they are empowered to enforce SB 2930[*]—after the Department issued its definitions, the Alliance's members would have filed their AG-990-IL forms on November 17, 2025; would have sent their officers and directors the Department's form on November 17, 2025; and would have posted their officers' and directors' responses on December 17, 2025. If the Alliance amends the complaint to add these allegations now, its interlocutory appeal could be mooted, depriving the parties and the Court of the Seventh Circuit's guidance and depriving the Alliance of the benefit of the Seventh Circuit's decision in crafting its amendment.

\*

For all these reasons, this Court should stay all further proceedings in this Court until both interlocutory appeals are finally resolved. The deadline to amend the complaints should be extended too, until 14 days after the stay is lifted.

---

[*] Defendant Illinois Secretary of State maintains its argument that it has no power to enforce SB 2930.

Dated: August 28, 2025

Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy\*
Cameron T. Norris\*\*
R. Gabriel Anderson\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com

\*Admitted *pro hac vice*
\*\*Admitted to the Northern District of Illinois

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

On August 28, 2025, I e-filed this document with the Court, which automatically emailed everyone requiring notice.

*/s/ Cameron T. Norris*
Counsel for Plaintiff